418 A.2d 757

**COMMONWEALTH of Pennsylvania**

v.

**Carnell HENDERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed March 14, 1980.

Brian R. Williams, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER and HOFFMAN, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County. Appellant

was convicted by a jury of simple assault, possession of an instrument of crime, robbery and rape. He was subsequently sentenced to concurrent terms of 9 to 20 years' imprisonment.

The above convictions arose from the following incident: On February 13, 1977, at approximately 6:00 p. m., the victim was returning home when she was suddenly grabbed around the neck and beaten about her face by a man later identified as appellant. Following the initial beating, appellant dragged the victim to a nearby vacant lot and raped her. After the rape, appellant demanded money, and the victim produced $3.00.

Appellant contends that his in–court identification by the victim was improper due to the fact that the pre–trial photographic identification procedure was unduly suggestive.

The test to determine whether the prosecution has clearly established the independent origin of the in–court identification was expressed by the Supreme Court in *Commonwealth v. Slaughter*, 482 Pa. 538, 394 A.2d 453 (1978), wherein they listed the following factors to be considered:

"(1) the manner in which the pretrial identification was conducted; (2) the witness' prior opportunity to observe the alleged criminal act; (3) the existence of any discrepancies between the defendant's actual description and any description given by the witness before the photographic identification; (4) any previous identification by the witness of some other person; (5) any previous identification of the defendant himself; (6) any failure to identify the defendant on a prior occasion; and (7) the lapse of time between the alleged act and the out–of–court identification." *Id.* at 457.

Our application of the facts of this case to the above test indicates that the trial court did not err in allowing the victim to make an in–court identification of appellant.

It is clear from the notes of testimony that the victim was shown an array of 7 photographs of men with similar

characteristics as appellant and from these she selected a photograph of appellant. She noted at that time that the photo "looks a lot like him", but "his mouth was different." A detective then showed the victim another photograph of appellant which she immediately identified "positively" as the man who raped her.

We see nothing suggestive about the procedure. The victim chose appellant's picture from seven other photos. When she commented on the fact that his mouth was open or "slack", the detective showed her another photo of appellant and she immediately recognized appellant.

Additionally, the Commonwealth clearly showed that the victim had more than an adequate opportunity to observe the appellant during the rape. Although it was at night, testimony indicated that at least two street lights bordered the vacant lot, as well as light from the rear of adjacent houses and lights on the rear of a commercial establishment adjoining the lot. The victim testified that she had a clear view of the appellant's face before and after the rape. Without a doubt, it was shown that the victim had a sound, independent basis upon which to base her in–court identification of appellant.

Testimony also gives clear indication that there was no discrepancy between the description given by the victim before the photo I.D. and the actual description of appellant.

There also was no evidence that the victim could not identify the appellant on a prior occasion or that the victim had ever identified someone else as her assailant.

In addition, the time lapse between the rape and the photo I.D. was only three days.

In view of the foregoing, the in–court I.D. of the appellant was proper.

Secondly, appellant contends the court erred in refusing to grant a continuance even though he was incompetent to stand trial.

One who asserts mental incompetence to stand trial, has the burden to prove such incompetency. *Commonwealth v. Davis*, 459 Pa. 575, 330 A.2d 847 (1975).

■ Appellant offers no proof of such incompetence.

The court referred appellant to a psychiatrist after his obnoxious and contumacious conduct disrupted the court proceedings. Appellant thereupon refused to cooperate in any such examination and it was the opinion of the psychiatrist that such obdurate behavior was voluntary on appellant's part and not as a result of any psychosis.

Our review indicates that there was no error in refusing the continuance.

Next, appellant contends that it was error to forcibly remove appellant from the courtroom in the presence of the jury.

■ The purpose of a criminal trial is to determine the guilt or innocence of the accused. Any conduct not directed to this end is improper and should be controlled by the court. *Commonwealth v. Africa*, 466 Pa. 603, 353 A.2d 855 (1976). Unto that end a defendant may be removed from the courtroom during his trial when his conduct is so disruptive that the trial cannot proceed in an orderly manner. See ABA Standards relating to the Administration of Criminal Justice, The Function of the Trial Judge, § 6.8.

■ Here, from the notes of testimony (pgs. 3–5, 84–87), it is clear that the conduct of the appellant was such as to warrant his removal.

■ Next, appellant contends that the pre–trial publicity warranted a continuance.

The publicity complained of relates to an article in the *Philadelphia Evening Bulletin*, the same week of the trial, which gave information regarding appellant's prior conviction of rape and details of the instant charge.

Appellant asserts nothing which would bring the article within the standard of "inherently prejudicial" material as in *Commonwealth v. Pierce*, 451 Pa. 190, 303 A.2d 209 (1973). Merely because the newspapers recited the facts known about the case could not, without more, raise the "publicity" to the level of inherently prejudicial.

The voir dire in this case showed that none of the veniremen had read or heard anything about the case. Thus we dismiss this contention.

■ Next, appellant asserts that it was error to deny his challenge to a prospective juror.

The juror in question had testified that her granddaughter had been raped. Upon subsequent voir dire, she testified that in spite of this, she could be absolutely fair to the appellant.

We do not find this to be such a "palpable abuse of discretion" as to justify a reversal in passing on a challenge for cause. *Commonwealth v. Gelfi*, 282 Pa. 434, 128 A. 77 (1925). We, therefore, dismiss this contention.

■ Finally, appellant asserts that it was error for the court to comment on appellant's behavior by stating that "he is feigning indifference to all these proceedings." (N.T. pg. 168).

The court's comment was in response to appellant's conduct in turning away from the witnesses and leaning on the rail and looking towards the rear of the courtroom.

We find no undue prejudice to appellant. Clearly, the judge was merely characterizing for the jury, actions which they themselves had witnessed.

■ Even in the event we hold this comment to be unduly prejudicial to the appellant, we certainly cannot hold that it is of such a nature or substance or delivered in such a manner as to have deprived appellant of a fair and impartial trial. *Commonwealth v. England*, 474 Pa. 1, 375 A.2d 1292 (1977). Thus, we also dismiss this contention.

Judgment of sentence affirmed.

CERCONE, President Judge, and HOFFMAN, J., concur in the result.