709 P.2d 1361

### In the Matter of the APPEAL IN PINAL COUNTY JUVENILE ACTION NOS. J–1123 AND J–1124.

#### No. 2 CA–CIV 5319.

Court of Appeals of Arizona,
Division 2, Department B.

July 24, 1985.

Review Denied Nov. 5, 1985.

Roy A. Mendoza, Pinal County Atty. by Janet Keating and Ruth E. Koester, Florence, for appellee.

David F. Alexander, Apache Junction, for appellant Juvenile Action J–1123.

Robertson & Villarreal, Ltd. by Michael Villarreal, Florence, for appellant Juvenile Action J–1124.

OPINION

HATHAWAY, Presiding Judge.

The juveniles appeal from a finding that they were delinquent and from their subsequent committment to the Department of Corrections. Delinquency petitions were filed on July 2, 1984, alleging that the juveniles had committed second-degree murder in violation of A.R.S. § 13–1104. The evidence at the adjudication hearing, held on August 30, 1984, and September 5, 1984, showed that the appellant juveniles were found to have physically abused a three-year-old girl who subsequently died from a head injury. The State's primary witness was the victim's six-year-old brother. During the initial questioning of the brother, the court was convinced he was having difficulty testifying in the presence of the juveniles. After conducting an examination of the victim's brother, the court determined that the juveniles had threatened him if he told what the juveniles had done to his sister. A motion was made to exclude the juveniles from the courtroom during the brother's testimony and to allow the juveniles to watch the testimony on closed-circuit television from an adjoining jury room. The procedure was allowed by the trial court upon the showing that the six-year-old brother was competent to testify and that he, in fact, feared testifying in front of the juveniles because of threats made against him.

■ Appellant in cause No. J–1123 contends in his supplemental memorandum that the court violated Rule 19, Rules of Procedure for the Juvenile Court, 17A A.R.S., by excluding the juveniles during the portion of the adjudication hearing in which the six-year-old brother testified. Rule 19 states in pertinent part:

"The court may further *excuse* any party *other than the child* from any hearing, except that the child may be *excluded* in matters not involving the commission of an act which would be the violation of the criminal law if committed by an adult and the court may *exclude* the child at the request of the child's attorney." (emphasis added)

The appellant juvenile was not excluded from the proceedings within the meaning of Rule 19. The juveniles were placed in an adjoining room and were linked by video and audio transmission to the ongoing testimony. They were able to view the witness and hear the witness' testimony. Additionally, the record shows that the trial court made it clear that it would stop the proceedings at any time when counsel wished to leave the room to consult with their clients, and breaks in testimony were taken for that purpose. The juveniles were not "excluded" within the meaning of Rule 19, which obviously refers to proceedings where the juvenile is unaware of what is transpiring and, therefore, unable to aid counsel in his defense.

■ The more difficult question raised by both juvenile appellants is whether the procedure violated their constitutional right to confront the witness against them. Article 2, § 24, of the Arizona Constitution reads, in part:

"In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face...."

The Sixth Amendment to the United States Constitution provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...."

The Confrontation Clause is a fundamental right to which the states are subject by reason of the Fourteenth Amendment. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). However, the right of confrontation is not absolute. As early as 1895, the United States Supreme Court held that the right "must occasionally give way to considerations of public policy and the necessities of the case." *Mattox v. United States,* 156 U.S. 237, 15 S.Ct. 337, 340, 39 L.Ed. 409 (1895). In *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Court stated:

"[T]he Confrontation Clause reflects a preference for face-to-face confrontation at trial, and that 'a primary interest secured by [the provision] is the right of cross-examination.'

. . . .

The Court, however, has recognized that competing interests, if 'closely examined,' ... may warrant dispensing with confrontation at trial." 100 S.Ct. at 2537–2538 (citations omitted).

Wigmore analyzes the right to confrontation as follows:

"Now confrontation is, in its main aspect, *merely another term for the test of cross-examination.* It is the preliminary step to securing the opportunity of cross-examination; and, so far as it is essential, this is only because cross-examination is essential. The right of confrontation is the right to the opportunity of cross-examination. Confrontation also involves a subordinate and incidental advantage, namely, the observation by the tribunal of the witness' demeanor on the stand, as a minor means of judging the value of his testimony. But this minor advantage is not regarded as essential, i.e., it may be dispensed with when it is not feasible. Cross-examination, however, the essential object of confronta-

tion, remains indispensable." V Wigmore, Evidence § 1365 at 28 (Chadbourn Rev.1974) (emphasis in original).

Additional language in support of inroads made on the Confrontation Clause in the interest of justice is found in the New Jersey case of *State v. Sheppard,* 197 N.J. Super. 411, 484 A.2d 1330 (1984), where the court states:

"The Confrontation Clause is not implacable in its demands. Nearly every authority agrees that it is subject to exceptions. In reaching the conclusion, as this court has, that the use of video-taped testimony in this case of child abuse is permissible, it is accepted as a fact that only a modest erosion of the clause, if any, will take place.... Adequate opportunity for cross-examination will be provided. This is enough to satisfy the demands of the confrontation clause. If it is not, it represents a deserved exception.... Everything but 'eyeball-to-eyeball' confrontation will be provided. No case has held eye contact to be a requirement." 484 A.2d at 1342–1343.

In our case, there is no claim of curtailment of cross-examination. A procedure was established which made contact between the juveniles and their attorneys somewhat unwieldy, but which did not limit in any way the appellant juveniles' ability to cross-examine the witness. Nowhere do the juveniles point to a specific place in the record where had they been sitting next to counsel, testimony would not have been elicited from the six-year-old witness or cross-examination would have been more effective. We see no impediment to the juveniles' right to cross-examination in the procedure utilized.

Appellants next argue that the court erred in the finding that the six-year-old witness was competent to testify. The trial court has "practically unlimited" discretion in determining competency, *State v. Jerousek,* 121 Ariz. 420, 425, 590 P.2d 1366, 1371 (1979), and absent a clear abuse of

discretion we will not overturn the trial court's decision. *State v. Garner*, 116 Ariz. 443, 569 P.2d 1341 (1977). We have reviewed the trial court's examination of the six-year-old witness in determining his competence to testify. It is true that he was unable to relate accurately some facts or to remember others. However, inconsistencies and contradictions in a witness' testimony go to the weight to be given to the testimony and do not relate to the competency of the witness to testify in the first place. *State v. Parker*, 106 Ariz. 54, 470 P.2d 461 (1970). Here, the court, sitting without a jury, was able to weigh the witness' testimony, and nothing in the record amounts to a showing of an abuse of the trial court's discretion.

■ The last point raised by the juveniles is that the evidence did not support the court's verdicts and that the court erred in determining that the juveniles had committed second-degree murder. The six-year-old witness testified that during the weeks prior to his sister's death, the juveniles baby-sat for them and regularly hurt his sister by hitting, pushing, tripping, and shaking her. His testimony was corroborated by two other juveniles, who testified that the appellants were seen pushing and severely shaking the victim the day before she died. The physical evidence corroborated the brother's testimony, and the medical examiner testified that the injuries were consistent with a severe shaking. The juveniles suggest other explanations for the presence of the subdural hematoma which killed the victim. However, there was no evidence of any of those other possibilities. The fact that there was no external head injury also supplied corroboration for the finding that her injury was consistent with a severe shaking which caused a vessel in her brain to burst.

We do not weigh the evidence to decide whether we would reach the same conclusion as the trier of fact. *State v. Williams*, 132 Ariz. 153, 644 P.2d 889 (1982). We consider the evidence in the light most favorable to supporting the verdict, and all reasonable inferences are to be resolved in

favor of the verdict. *State v. Williams, supra; State v. Piatt*, 132 Ariz. 145, 644 P.2d 881 (1981). The evidence presented against the juveniles was substantial and justified the trial court in finding beyond a reasonable doubt that the juveniles had caused the death of the three-year-old victim.

■ Finally, the juveniles complain of their commitment to the Department of Corrections. The power of the juvenile court with regard to the disposition of a delinquent child is limited to the six statutory alternatives outlined in A.R.S. § 8–241(A)(2). Included in one of the six is an award to the Department of Corrections without further directions as to placement by that department. Disposition is within the discretion of the juvenile court and is not to be disturbed absent a clear abuse of discretion. *In the Matter of the Appeal In Maricopa County Juvenile Action J–90110*, 127 Ariz. 389, 621 P.2d 298 (App. 1980). In this case, when the court is confronted with juveniles who engaged in an apparently daily routine of abusive behavior against a three-year-old victim, resulting in her death, it would be impossible for this court to say that the trial court abused its discretion in ensuring that the juveniles are removed from society for a lengthy period of time. We find no error.

The adjudication of appellants and the disposition are affirmed.

LACAGNINA and LIVERMORE, JJ., concur.