546 A.2d 123

**In the Interest of George BORDEN.**

**Appeal of George BORDEN, Commonwealth of Pennsylvania.**

Superior Court of Pennsylvania.

Submitted June 22, 1987.

Filed Jan. 13, 1988.

John Packel, Assistant Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before DEL SOLE, MONTEMURO and HESTER, JJ.

HESTER, Judge:

This is a direct appeal from a juvenile disposition. Appellant, an eleven-year-old boy, was adjudicated delinquent for committing involuntary deviate sexual intercourse, indecent exposure and indecent assault upon a six-year-old boy. A disposition of "intensive" probation with psychological counseling was entered. Appellant argues that his constitutional rights to confrontation and due process were violated during his adjudicatory hearing. We agree in part and remand for a new hearing.

On January 9, 1986, appellant's adjudicatory hearing commenced. Following the court's ruling that the child victim was competent to testify, the victim began to have difficulty relating the details of the incident and simply stated that he "forgot." Notes of Testimony, 1/9/86, at 12–13. The trial court questioned the victim about his fear of testifying in front of appellant, then sua sponte ordered the hearing to be continued so that a closed circuit television could be used in the proceedings.

On January 30, 1986, the adjudicatory hearing resumed. Appellant was placed alone in a room outside the courtroom while the victim testified in the courtroom. Appellant was provided with a closed circuit television to watch and listen to the testimony, as well as an audio device through which he could speak to his counsel. Following the victim's testimony, appellant was brought back into the courtroom and the remainder of the proceedings took place entirely in appellant's presence.

Appellant was adjudicated delinquent at the conclusion of the hearing and his disposition was entered on April 24, 1986. Appellant filed this appeal on May 23, 1986.

The record establishes that on August 11, 1985, appellant and two other boys physically forced the child victim to perform fellatio upon them. Appellant also threatened the victim with physical harm if he told anyone of the incident.

Appellant's sole argument is that the trial court erred when it removed him from the courtroom and required him to observe the victim's testimony over closed circuit television, thereby violating his constitutional rights of confrontation and due process.

■ The United States Supreme Court decided in *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), that "a juvenile has a constitutional right to notice of the charges, to counsel, to confrontation and cross-examination of witnesses, and to the privilege against self-incrimination." *In re Bonner*, 301 Pa.Super. 431, 434–35, 447 A.2d 1043, 1045 (1982). However, we recently held that

> [t]he right to confront does not confer upon an accused the right to intimidate. The reliability of an abused child's testimony does not depend upon his or her ability to withstand the psychological trauma of testifying in a courtroom.... The reliability of the child's testimony can be assured in such cases by requiring the child to submit to cross-examination while the jury and the accused observe the demeanor of the witness as he or she responds to questions. In the case sub judice, this was accomplished by closed circuit television.

*Commonwealth v. Ludwig*, 366 Pa.Super. 361, 531 A.2d 459 (Pa.Super., 1987) at 463.

Although the victim in *Ludwig* had previously described the sexual acts her father had perpetrated upon her to social workers and law enforcement officials, she was fearful of testifying in her father's presence. Therefore, the trial court granted a Commonwealth request to remove the victim from the courtroom and present her testimony via closed circuit television. We held that the trial court in *Ludwig* did not abuse its discretion, since it "did nothing more than adopt modern technological means to allow the jury to hear testimony which otherwise would have been unavailable. The use thereof did not violate the defendant's

right to confront the witnesses against him. It served only to enhance the fact-finding process." *Ludwig, supra,* at 464. Therefore, appellant's argument that the use of a closed circuit television during a criminal proceeding violates his constitutional rights of confrontation and cross-examination of witnesses is meritless.

■ Appellant also argues that he was denied his right to due process in that the trial court ordered the use of closed circuit television and removed him from the courtroom sua sponte. We agree.

Pa.R.Crim.P. 1117(a) provides:

**Rule 1117.   Presence of the Defendant**

(a) The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.

It is well settled that "a defendant charged with a felony has a constitutionally protected right to be present at every stage of a trial, i.e., from the arraignment to the rendition of the verdict." *Commonwealth v. McLaurin,* 292 Pa.Super. 392, 395, 437 A.2d 440, 442 (1981), citing *Lewis v. United States,* 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892). Nevertheless, this "right can be relinquished, e.g., it can be waived by one's words or actions." *McLaurin, supra,* 292 Pa.Super. at 396, 437 A.2d at 442. In other words, "a defendant may be removed from the courtroom during his trial when his conduct is so disruptive that the trial cannot proceed in an orderly manner." *Commonwealth v. Henderson,* 275 Pa.Super. 350, 356, 418 A.2d 757, 760 (1980).

The United States Supreme Court has long recognized that a defendant needs to be present at any proceeding that "bears, or may fairly be assumed to bear, a relation, reasonably substantial, to his opportunity to defend." *Snyder v. Massachusetts,* 291 U.S. 97, 106, 54 S.Ct. 330, 332, 78 L.Ed.

674 (1934), quoted in *McLaurin, supra,* 292 Pa.Super. at 397, 437 A.2d at 443. Therefore, a defendant's right to be present at all stages of his trial does not extend to all procedural matters in preparation for trial such as preliminary pretrial motions and arguments on matters of law, especially where his absence causes no prejudice, but his presence is required when the testimony of witnesses is being given. *Id.*

Although appellant is a juvenile and is not guaranteed all of the same rights as adult criminal defendants, e.g., trial by jury, we are guided by the principle in *Gault* which establishes that "[a] proceeding where the issue is whether the child will be found to be 'delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution." *Gault, supra,* 387 U.S. at 37, 87 S.Ct. at 1448. Therefore, we hold that a juvenile subject to delinquency proceedings has the right to be present throughout his adjudicatory hearing.[1]

■ Inasmuch as appellant was ordered sua sponte by the trial court to be removed from the courtroom without any misconduct on his part, we hold that he has been denied his right to due process. Initially, we note that *Ludwig* does not require a different result. In *Ludwig,* it was the child witness who was removed from the courtroom, not the accused. Secondly, appellant's removal did not afford him a full opportunity to maintain unrestricted communication with his counsel. The record is not clear as to what type of audio device was provided to allow appellant to communicate with his counsel, although a reference in the record suggests it may have been a telephone. Whatever device was used, however, could not have replaced the spontaneity and confidentiality of communication that is achieved when counsel and client sit side by side in the courtroom.

Appellant was also denied an opportunity to observe the factfinder's demeanor so as to determine whether he was

1. This is consistent with 42 Pa.C.S. § 6336(d) which provides in part: "The court may temporarily exclude the child [accused juvenile] from the hearing *except while allegations of his delinquency are being heard."* (Emphasis added.)

finding the witness's testimony credible. Moreover, appellant could not watch the interplay between counsel, the judge, and the witness as the testimony was given. Furthermore, if appellant desired to speak to his counsel, he would have had to interrupt the testimony in order to do so. We believe that an eleven-year-old juvenile accused would have been inhibited and fearful of interrupting the proceedings in order to converse with his counsel, and would have been more likely to remain silent. Finally, appellant's removal from the courtroom cannot be justified by the fact that it is more convenient for the court or for the witness, especially in light of *Ludwig* which permits a witness outside the courtroom to testify via closed circuit television.

Inasmuch as appellant's removal from the courtroom deprived him of due process, we remand for a new adjudicatory hearing. Jurisdiction is relinquished.

DEL SOLE, J., files a concurring & dissenting opinion.

DEL SOLE, Judge, concurring and dissenting:

I concur in the Majority's position that Appellant's constitutional rights of confrontation and cross-examination were not violated during a criminal proceeding in which closed circuit television was utilized. However, I dissent from the conclusion that since Appellant was removed from the courtroom and placed in a room alone while the victim testified in court, that his due process rights were violated. (Appellant was provided with a closed circuit television to watch and listen to the testimony, as well as an audio device through which he could speak to his counsel).

This Court in the recently decided case of *Commonwealth v. Ludwig*, 366 Pa.Super. 361, 531 A.2d 459 (1987), held that:

> [t]he use of closed circuit television in child abuse cases, where the child is unable or reluctant to testify against an adult member of the family, is a minimally intrusive infringement on the right of confrontation. Considerations of public policy require that testimony from the alleged victim of abuse be received without further psychological injury to the child. So long as the right of

cross-examination is preserved in such cases and all interested persons can observe the alleged victim as he or she testifies, the use of closed circuit television is not prohibited by the confrontation clause of the federal or state constitution.

*Id.*, 366 Pa.Superior Ct. at 369, 531 A.2d at 463. Additionally, since the trial in *Ludwig*, the Legislature has provided by statute for receiving the testimony of child abuse victims by closed circuit television for good cause shown. See: 42 Pa.C.S.A. § 5985(a).

In light of the fact that both common and statutory law have recognized that it is not necessary for both the defendant and the testifying victim to be in the courtroom simultaneously in order for the confrontation clause to be satisfied, the question then becomes how can the credibility of a witness best be judged; by the trial court's direct observation of the testifying witness or the trial court's observation of the defendant as to whether it finds the witness's testimony credible. In my concurring opinion in *Ludwig*, I stated that:

[w]hen faced with the necessity of utilizing televised testimony of a child witness, courts should explore the possibility of keeping the witness in the courtroom before the jury. The defendant can observe the trial via closed circuit television. If possible, the jury should be able to observe the witness, not through the eyes of a television camera, but in person. See: *Matter of Appeal in Pinal County Juvenile Action*, 147 Ariz. 302, 709 P.2d 1361 (App.1985); Arthur, *Child Sexual Abuse*, Vol. 37, No. 2, Juv. & Fam.Ct.J. pp. 32–33. (1986).

*Id.*, 366 Pa.Superior Ct. at 379, 531 A.2d at 468.

I do not dispute that a defendant is constitutionally entitled to be present at each critical stage of criminal proceedings against him. *Commonwealth v. McLaurin*, 292 Pa.Super. 392, 437 A.2d 440 (1981). However, I do not find that he was denied due process for the period that he was removed from the courtroom, as he had full view of the proceedings and complete ability to communicate with his attorney. The trial court had the opportunity to directly

observe the demeanor of the child witness, without the intimidating presence of the defendant, while concurrently the defendant viewed the testimony and if necessary could directly communicate with his counsel. I believe this procedure properly balances the rights of both parties, and provides a far better opportunity for the court to observe the witness' deportment and credibility.

Inasmuch as I believe that neither Appellant's right to confrontation, nor his right to due process were herein violated, I would affirm the judgment of sentence.