756 P.2d 333

The STATE of Arizona, Appellee,

v.

Gary Loren VESS, Appellant.

No. 2 CA–CR 87–0029.

Court of Appeals of Arizona,
Division 2, Department B.

Jan. 21, 1988.
Reconsideration Denied March 2, 1988.
Review Denied July 12, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Janet Keating, Phoenix, for appellee.

Harold L. Higgins, Pima County Public Defender by Frank P. Leto, Tucson, for appellant.

LIVERMORE, Presiding Judge.

This case raises the question whether the constitutional right to confrontation includes, absent some compelling reason otherwise, the right to have the jury observe personally the demeanor of a prosecution witness while testifying. We hold that it does and reverse defendant's convictions for child molesting, sexual abuse, and furnishing obscene materials to a minor.

■ The prosecutor moved, pursuant to A.R.S. § 13–4253(A), that the testimony of the alleged victim be taken in another room and transmitted by closed circuit television to the courtroom for the jury to view. The motion was granted without requiring a showing or making a finding that there was any need to proceed in this manner. Because the statute permitted it, it was done. A.R.S. § 13–4253(A) reads:

> The court, on motion of the prosecution, may order that the testimony of the minor be taken in a room other than the courtroom and be televised by closed circuit equipment in the courtroom to be viewed by the court and the finder of fact in the proceeding. Only the attorneys for the defendant and for the state, persons necessary to operate the equipment and any person whose presence would contribute to the welfare and well-being of the minor may be present in the room with the minor during his testimony. Only the attorneys may question the minor. The persons operating the equipment shall be confined to an adjacent room or behind a screen or mirror that permits them to see and hear the minor during his testimony but does not permit the minor to see or hear them. The court shall permit the defendant to observe and hear the testimony of the minor in person but shall ensure that the minor cannot hear or see the defendant.

The reach of this section is defined in A.R.S. § 13–4251:

> A. This article applies to the testimony or statements of a minor in criminal proceedings involving acts committed against the minor or involving acts witnessed by the minor whether or not those acts are charged and in civil proceedings including proceedings involving a dependency or a termination of parental rights.
>
> B. In this article, "minor" means a person under fifteen years of age.

In effect, the legislature has created a class of prosecution witnesses in criminal trials who need not testify before the jury if the prosecutor does not want them to, whether or not any reason exists for allowing testimony to be taken in that form.[1] So applied, we believe the statute unconstitutional under the confrontation clauses of the federal and state constitutions. U.S. Const., Amend. VI; Ariz. Const., Art. 2 § 24.

We start with the comment of our supreme court in *State v. Robinson*, 153 Ariz. 191, 204, 735 P.2d 801, 814 (1987), concerning confrontation: "The rule remains that whenever possible, eye-to-eye, face-to-face, jury-to-witness confrontation is required." That the ability to assess demeanor was a part of the confrontation right was recognized in *Mattox v. United States*, 156 U.S. 237, 242–43, 15 S.Ct. 337, 339, 39 L.Ed. 409, 411 (1895), where the court stressed the importance of compelling the witness "to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." That importance is demonstrated, as well, by the appellate deference given to trial findings that could be based on demeanor as it affects credibility. See *State v. Gonzales*, 140 Ariz. 349, 681 P.2d 1368 (1984); *State v. Encinas*, 132 Ariz. 493, 647 P.2d 624 (1982); *Matter of Pima County Juvenile Action No. 63212–2*, 129 Ariz. 371, 631 P.2d 526 (1981); *Walters v. Industrial Commission*, 134 Ariz. 597, 658 P.2d 250 (App.1982).

■ We recognize that the primary purpose of the confrontation clause is to

---

1. Interestingly, the statute would not grant such dispensation to defense minor witnesses unless the prosecutor consented. Apart from confrontation, this raises substantial due process and equal protection questions.

secure to a defendant the ability to cross-examine witnesses against him. That aspect of the confrontation right was not denied in this case. The protection of that primary purpose, however, does not permit ignoring other purposes, such as the ability to assess demeanor. We recognize also that the jury did not wholly lose its capacity to judge demeanor. We believe, however, that there is a difference between live testimony and that seen by television. See Note, *The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations,* 98 Harv.L.Rev. 806, 823 (1985). In circumstances where the jury may be disadvantaged in making credibility determinations, any deviation from standard procedures must be justified by necessity.

■ The demands of the confrontation clause are not absolutes. Exceptions, however, may be made only on a showing of necessity and of the minimal abridgement of the right in order to accommodate that necessity. Thus, it might be that the atmosphere of the courtroom or the presence of the defendant would traumatize the victim in this case or render her unable to communicate. When such a showing has been made, we have not hesitated to permit the use of televised testimony. See *Appeal in Pinal County Juvenile Action Nos. J-1123 and J-1124,* 147 Ariz. 302, 709 P.2d 1361 (App.1985); *State v. Melendez,* 135 Ariz. 390, 661 P.2d 654 (App.1982). See also *State v. Warford,* 223 Neb. 368, 389 N.W.2d 575 (1986). We do not retreat from those holdings. Nothing in them, however, leads to the conclusion that child witnesses need never testify in person before a jury. Should the state make a showing of particularized need to use closed-circuit television for certain witnesses, then that procedure may be followed.

■ The state has attempted to justify the statute by pointing to a legislative purpose to protect minors from the stress, embarrassment, or intimidation involved in testifying in a criminal prosecution. That purpose is a legitimate one; it cannot, however, justify a statute drawn more broadly than necessary to reach such circumstances. Just as trials may not be closed to the public and the press during a child's testimony absent a showing of compelling need, *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982), neither can prosecution witnesses be removed from the jury's presence absent such a showing.

■ There is an additional reason why this case must be retried. The trial judge admitted under A.R.S. § 13-1416, since held unconstitutional in *State v. Robinson,* 153 Ariz. 191, 735 P.2d 801 (1987), a number of statements by the alleged victim to teachers, child protective service workers, police officers, psychologists and foster parents. Without addressing all these statements, it is clear that the thirty-page statement made two days after the alleged incident to an investigating police officer was not admissible under any exception to the hearsay rule. That this was prejudicial is evident from the fact that at the jury's request that taped statement was replayed during its deliberations. The prosecutor sought to admit these statements to buttress the alleged victim's credibility; prior consistent allegations, like prior consistent denials of guilt, may not be routinely admitted for this purpose.

Reversed.

ROLL and FERNANDEZ, JJ., concur.