IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA ex rel. WILLIAM G. MONTGOMERY, Maricopa
County Attorney, *Petitioner*,

*v.*

THE HONORABLE JOSE PADILLA, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

CHRIS A. SIMCOX, a/k/a CHRISTOPHER ALLEN SIMCOX
*Real Party in Interest.*

A.S., *Petitioner*,

*v.*

THE HONORABLE JOSE PADILLA, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

CHRIS A. SIMCOX, *Real Party in Interest.*

No. 1 CA-SA 16-0017
1 CA-SA 16-0027
(Consolidated)
FILED 3-17-2016

Petition for Special Action from the Superior Court in Maricopa County
No. CR2013-428563-001 DT
The Honorable Jose S. Padilla, Judge

**JURISDICTION ACCEPTED; ORDER VACATED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Petitioner State of Arizona*

Chris A. Simcox, Phoenix
*Real Party in Interest*

Droban & Company PC, Anthem
By Kerrie M. Droban
*Advisory Counsel for Real Party in Interest*

Wilenchik & Bartness PC, Phoenix
By John D. Wilenchik
*Counsel for Petitioner M.A.*

Arizona Voice for Crime Victims, Scottsdale
By Colleen Clase, Jessica A. Gattuso, Eric John Aiken
*Counsel for Petitioner A.S.*

---

## OPINION

Judge Kenton D. Jones delivered the opinion of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

---

**J O N E S**, Judge:

¶1      In these consolidated special action proceedings, we again address what accommodations may be granted to minors who are alleged victims of sexual abuse when called upon to testify at trial.  The State of Arizona and A.S. seek relief from the trial court's order (1) denying a requested trial accommodation for J.D. and Z.S., and (2) granting a closed-circuit television accommodation pursuant to Arizona Revised Statutes

(A.R.S.) section 13-4253[1] for Z.S.[2]  We have consolidated the two separate petitions because Petitioners seek the same relief.  We accept jurisdiction because Petitioners otherwise have no adequate remedy by appeal and the petitions present issues of statewide importance.  *See* Ariz. R.P. Spec. Act. 1(a); *State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4 (App. 2001).  Having accepted jurisdiction, we vacate the trial court's order and remand the request for accommodation to the trial court for reconsideration consistent with this Opinion.

## FACTS AND PROCEDURAL HISTORY

¶2            The State charged Chris A. Simcox with three counts of sexual conduct with a minor, two counts of molestation of a child, and one count of furnishing obscene or harmful items to minors for conduct occurring in 2012 and 2013.  The alleged victims are Simcox's nine-year-old daughter, Z.S., and Z.S.'s eight-year-old friend, J.D. (collectively, the Children).

¶3            The trial court previously granted Simcox's request to represent himself *pro se* and appointed advisory counsel to assist him.  The State indicated it would call the Children as witnesses and requested the trial court prohibit Simcox from any direct contact with the Children at trial and require his advisory counsel to conduct any cross-examination of the Children.  When the State declined to present evidence the Children would be traumatized by Simcox personally cross-examining them, the court denied the request, and the State petitioned for special action relief.  This Court accepted jurisdiction and held:

---

[1]      Absent material changes from the relevant date, we cite a statute's current version.

[2]      The petition in cause number SA 16-0017 was filed by the State and joined by J.D.'s mother, M.A., and the petition in cause number SA 16-0027 was filed on behalf of Z.S. by her mother, A.S.  *See* A.R.S. §§ 13-4403(C) ("If the victim is a minor . . . the victim's parent . . . may exercise all of the victim's rights on behalf of the victim."), -4437(A) ("The victim has standing to . . . bring a special action . . . in an appellate proceeding seeking to enforce any right or to challenge an order denying any right guaranteed to victims under the victims' bill of rights, article II, § 2.1, Constitution of Arizona, any implementing legislation or court rules."); *P.M. v. Gould*, 212 Ariz. 541, 544-45, ¶ 13 (App. 2006) (holding the parent had standing to assert victim's rights and seek special action relief on behalf of her minor daughter).

> A trial court may exercise its discretion to restrict a self-represented defendant from personally cross-examining a child witness without violating a defendant's constitutional rights to confrontation and self-representation. It can do so, however, only after considering evidence and making individualized findings that such a restriction is necessary to protect the witness from trauma.

*State ex rel. Montgomery v. Padilla*, 237 Ariz. 263, 265, ¶¶ 1-2 (App. 2015).

¶4 The trial court held an evidentiary hearing wherein the parties presented evidence of trauma as required by *Padilla*. At the hearing, the court heard testimony from the Children's mothers, an expert on trauma suffered by children who testify in court, and Z.S.'s psychologist. After taking the matter under advisement, the court denied the State's request that Simcox's cross-examination of the Children be conducted through advisory counsel. But, finding sufficient evidence that Z.S. would likely suffer trauma from face-to-face contact with her father and alleged perpetrator at trial, the court ordered Z.S.'s examination to proceed by closed-circuit television as provided in A.R.S. § 13-4253(a). These special action petitions followed.

## DISCUSSION

### I.    Restricting Simcox's Confrontation Rights

¶5 Petitioners first assert the trial court erred by holding that, as long as a self-represented defendant does not breach court rules and decorum, he may never be prohibited from personally cross-examining an alleged minor victim. "We review purely legal or constitutional issues *de novo*." *Padilla*, 237 Ariz. at 266, ¶ 8 (citing *State v. Booker*, 212 Ariz. 502, 504, ¶ 10 (App. 2006)).

¶6 In its order, the trial court stated:

> This trial Court was unable to find any authority nor was any presented which would allow the trial court to make exceptions to the right to self-representation without violating both the State and Federal Constitutions. Therefore, this Court cannot grant the State's request to have advisory counsel conduct the cross-examination of the victim witnesses. So long as Defendant exercises his right of self-representation and he complies with court rules and decorum, this Court must allow it, to do otherwise would be

4

a violation of constitutional proportion and therefore reversible error.

Contrary to the court's statement, however, this Court specifically held in *Padilla* that the right of a self-represented defendant to personally conduct cross-examination is *not* absolute. *Id.* at 267, ¶ 10.

¶7 Although the Confrontation Clause of the U.S. Constitution provides a defendant the right to confront those who testify and to cross-examine witnesses who testify against him, "denying a face-to-face confrontation will not violate the Confrontation Clause when it is 'necessary to further an important public policy' and the reliability of the testimony is otherwise assured." *Id.* (quoting *Maryland v. Craig*, 497 U.S. 836, 850 (1990)). Consistent therewith, this Court stated:

> If the State believes that a defendant's personal cross-examination of a witness would cause particular trauma to the witness, it can — consistent with the United States Constitution — present evidence that the trauma will occur and ask the trial court to make case-specific findings that will justify restricting the defendant from personally cross-examining the witness.

*Id.* at 270, ¶ 24; *see also Craig*, 497 U.S. at 855 (holding a state's interest "in the physical and psychological well-being of child abuse victims may be sufficiently important to outweigh, at least in some cases, a defendant's right to face his or her accusers in court" and recognizing "the protection of minor victims of sex crimes from further trauma and embarrassment is a compelling one") (quotation and citations omitted).

¶8 Because Simcox's confrontation rights, even as a *pro se* defendant, are not absolute, the trial court erred in concluding *any* restriction of his right to personally cross-examine witnesses would be "a violation of constitutional proportion" and "reversible error." Given the court's inaccurate assessment of the law, we cannot conclude the court considered whether the evidence of the risk of trauma was sufficient to restrict Simcox's right to personally cross-examine the Children. Therefore, we vacate the trial court's order and remand for redetermination. In doing so, we reiterate this Court's conclusion in *Padilla* that restricting a defendant's confrontation rights is significant and, to justify the restriction, the State must make an individualized and case-specific showing that it is necessary to protect the physical or psychological well-being of an alleged minor victim. 237 Ariz. at 268-69, ¶¶ 15, 19.

## II. Burden of Proof

**¶9** The State acknowledges it bears the burden of proving the necessity of its requested accommodation, but correctly notes the standard of proof it must meet in doing so has not been articulated in Arizona. We address this issue because it is likely to arise on remand. *See State v. Lopez*, 234 Ariz. 465, 466, ¶ 1 (App. 2014). Our review of relevant U.S. Supreme Court jurisprudence fails to illuminate any constitutionally mandated standard of proof. *See Craig*, 497 U.S. at 855 (requiring the State to make "an adequate showing of necessity in an individual case" before an accommodation is granted); *Coy v. Iowa*, 487 U.S. 1012, 1021 (1988) (requiring the State show "something more than the type of generalized finding" of trauma to trigger a statutory accommodation for alleged minor victims that would implicate Confrontation Clause concerns) (citing *Bourjaily v. United States*, 483 U.S. 171, 183 (1987)).

**¶10** Given the constitutional significance of limiting a defendant's right to confront witnesses face-to-face and a *pro se* defendant's right to personally cross-examine those witnesses, *see Padilla*, 237 Ariz. at 266-67, 269, ¶¶ 9, 19, we conclude the heightened standard of clear and convincing evidence must apply. This is consistent with at least ten other states whose statutorily crafted accommodations for minor victims of sexual crimes are similar to A.R.S. § 13-4253 and require clear and convincing evidence of harm be proffered by the State to establish the necessity of an accommodation. *See, e.g.*, Ark. Code Ann. § 16-43-1001(a)(1); Cal. Penal Code § 1347(b)(2) (West); Conn. Gen. Stat. § 54-86g(a); Idaho Code Ann. § 9-1805(1)(a)-(b) (West); Kan. Stat. Ann. § 22-3434(b) (West); Mont. Code Ann. § 46-16-229(1) (West); Nev. Rev. Stat. Ann. § 50.580(1) (West); N.Y. Crim. Proc. Law § 65.10(1) (McKinney); Okla. Stat. tit. 12, § 2611.7(A); W. Va. Code Ann. § 62-6B-3 (West).

**¶11** Therefore, upon remand, the trial court must determine whether the State has presented clear and convincing evidence of an individualized and case-specific need for an accommodation as to each minor victim witness.

## III. The Court's Discretion to Impose a Closed-Circuit Accommodation

**¶12** Finally, Petitioners argue the trial court abused its discretion by imposing the closed-circuit television accommodation when no party had requested it. Petitioners argue the language of A.R.S. § 13-4253

prohibits imposition of the statutory accommodation absent a motion specifically invoking the statute. We disagree.

¶13      While Petitioners are correct that the accommodations described in A.R.S. § 13-4253 are statutorily triggered "on motion of the prosecution," a trial court has considerable discretion to determine what procedures are appropriate in a particular case, *cf. State v. Ferrari*, 112 Ariz. 324, 329 (1975) (holding the trial court acted within its discretion in varying the order of proof) (citing *United States v. Halpin*, 374 F.2d 493, 495 (7th Cir. 1967), and *State v. Cassidy*, 67 Ariz. 48, 56-57 (1948)), even *absent* a specific invocation of the statute. Arizona Rule of Evidence 611(a) empowers the court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." *See also Pool v. Superior Court*, 139 Ariz. 98, 104 (1984) (holding Rule 611(a) "gives the court discretion to determine and control the method of interrogation"); *Padilla*, 237 Ariz. at 270, ¶ 24 ("If the State believes that a personal cross-examination of a witness is intimidating or harassing the witness, it may always ask the court to control the examination.") (citing Ariz. R. Evid. 611(a)). The trial court is further mandated by statute to "provide appropriate safeguards to minimize the contact that occurs between the victim, the victim's immediate family and the victim's witnesses and the defendant" during court proceedings. A.R.S. § 13-4431. This discretion extends to the court's consideration of how minor victim witnesses should be accommodated following a proper request and presentation of evidence.

¶14      Accordingly, so long as sufficient evidence is presented to support the ordered accommodation, *see supra* ¶¶ 8, 10, the trial court is not bound by the specific requests of the parties and may order any procedure necessary and appropriate under the specific circumstances presented, whether provided for by statute, proposed by the parties, or otherwise.

## CONCLUSION

¶15      The trial court erred in concluding it was *per se* unconstitutional to restrict Simcox from personally cross-examining the Children. Accordingly, we vacate the court's order and remand for redetermination consistent with this opinion. On remand, the court must consider whether the State presented clear and convincing, individualized, and case-specific evidence that the Children will suffer trauma if the court does not restrict Simcox's right to personally cross-examine them. If an accommodation is supported by clear and convincing evidence, the trial

court has discretion to employ an accommodation it deems necessary to protect the Children from suffering trauma. We leave to the trial court's discretion whether additional briefing, argument, or evidence is required in redetermining the accommodation request.



**Ruth A. Willingham** · **Clerk of the Court**
FILED : ama