805 P.2d 1051

**STATE of Arizona, Appellee,**

v.

**Stephen Duane THOMPSON, Appellant.**

**1 CA–CR 11588.**

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 28, 1990.

As Corrected Aug. 28, 1990.

Review Granted March 5, 1991.

Robert K. Corbin, The Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Maurice W. Coburn, Lake Havasu City, for appellant.

## OPINION

McGREGOR, Judge.

This case requires us to decide whether the trial judge committed prejudicial error by admitting hearsay testimony that did not comply with all the requirements of Rule 803(24), Arizona Rules of Evidence, the residual exception to the hearsay rule. We find prejudicial error and reverse the judgment of conviction.

### I.

Defendant/appellant Thompson (defendant) appeals from his conviction of one count of sexual conduct with a minor and from his sentence of 22 years in prison. After filing a notice of appeal, defendant filed a petition for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, and we stayed the appeal in this court. During the rule 32 hearing, the victim recanted her trial testimony. The trial judge denied relief because he did not find the recantation believ-

able. Thompson now resumes his direct appeal.

## II.

The facts, taken in the light most favorable to sustaining the verdict, *State v. Zmich,* 160 Ariz. 108, 109, 770 P.2d 776, 777 (1989), are as follows. At approximately four o'clock on the morning of December 12, 1986, the defendant awakened his eleven-year-old step-daughter (the child) and forced her to have oral sex with him (the incident). The child reported the incident to school authorities, who reported it to the Department of Economic Security, which, in turn, contacted the police.

The child's family history has been unsettled. Her parents divorced when she was small. She then lived with her mother, who eventually married the defendant. When the child was four or five years old and living in Oregon, the defendant sexually molested her on several occasions. At the urging of her stepmother, the child reported this molestation. The state of Oregon made some inquiry into the child's allegations but, for reasons that do not appear on the record, took no action.

Soon after the Oregon incident, the child and her brother moved to live with their father. Approximately five years later, the children decided to live with their mother in Arizona. They joined their mother and defendant at the start of the 1986 school year.

After the child moved to Arizona, defendant again approached her sexually. Approximately one month before defendant committed the charged offense, he drove the child into the desert and told her to pull up her shirt. When she refused, he threatened to beat her with a stick. She then did as instructed, and shortly thereafter they drove away.

At trial, the child testified about the incident and about the defendant's prior bad acts. Over defense objection, the trial judge permitted several witnesses to repeat the child's reports to them about the incident and the prior acts. The court also admitted a videotape of the child's interview with a social worker, who testified about the interview at trial.

The defendant raises several issues on appeal. Because of our resolution, we consider only the issue of whether the trial judge committed reversible error by admitting hearsay statements.

## III.

### A. Prior Inconsistent Statements

Defendant first challenges as erroneous the admission of hearsay testimony from Sharon Wolfenden, a secretary at the school the child attended.

On the night of the incident, the child's brother, Paul, slept in a bed only a few feet distant from the child's bed. At trial, Paul testified that he had not seen anything unusual and had not spoken about the incident with anyone. The court allowed Wolfenden to testify that, on the day of the incident, Paul told her that he was glad the child had approached school authorities, that he was glad "this is over," and that he had wanted to go to the police himself.

Rule 801(d)(1)(A), Arizona Rules of Evidence, allows the court to admit a hearsay statement that is inconsistent with a witness's testimony if the witness testifies at trial and is subject to cross-examination. This testimony was admissible to impeach Paul's trial testimony that nothing unusual had happened the night of the incident.

### B. Hearsay Testimony Regarding Statements Made by Child on Day of Alleged Crime

Shortly after the child arrived at school on December 12, she told her friend Melanie, to whom she had spoken several weeks earlier about her prior experiences with defendant, about the incident. Soon after, at Melanie's urging, the child reported the incident and prior experiences to Elizabeth Freeman, the school health aide. Freeman reported the matter to the Department of Economic Security (DES). DES called the police and later referred the child to Jacquie Scheider, a psychotherapist, for counseling. Several months later, the child visited the Center for Child Protection at Chil-

dren's Hospital in San Diego, where she submitted to a videotaped interview with a social worker, Robin Vanderlaan, and a physical examination by a pediatrician, Dr. Sylvia Strickland. She reported the incident and the prior occurrences to Ms. Vanderlaan, who conveyed the information to Dr. Strickland.

Defendant challenges the trial court's decision to permit the child's friend and the school health aide to repeat the child's statements about the incident and defendant's prior bad acts. Defendant also challenges the trial court's decision to admit the videotape, on which the child described the incident and the prior acts.[1] The court admitted the hearsay evidence from those three sources pursuant to Rule 803(24), Arizona Rules of Evidence.

Rule 803 generally defines those categories of hearsay admissible even though the declarant is available as a witness. Subsection 24, often referred to as the residual exception, allows a court to admit a hearsay statement

not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the state-

ment and the particulars of it, including the name and address of the declarant.[2]

Rule 803(24), Arizona Rules of Evidence.

■ The first question under rule 803(24), and that which frequently is the focus of a court's analysis of the admissibility of proffered evidence, is whether the hearsay statement exhibits the required degree of trustworthiness or reliability. *See State v. Robinson,* 153 Ariz. 191, 201, 735 P.2d 801, 811 (1987). Hearsay offered under rule 803(24) is reliable if, in light of all the circumstances, the trial court can find guarantees of trustworthiness "equivalent in quality, if not in kind, to the guarantees provided by the specific exceptions to the rules [of evidence]." *Robinson,* 153 Ariz. at 202–03, 735 P.2d at 812–13. In making that determination, the trial court should consider factors such as whether the statements were spontaneous, consistent, showed unusual knowledge of sexual acts, or resulted from an improper motive. *State v. Allen,* 157 Ariz. 165, 174, 755 P.2d 1153, 1162 (1988); *Robinson,* 153 Ariz. at 201–02, 735 P.2d at 811–12. *See also Idaho v. Wright,* — U.S. —, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990).

In this case, the trial court expressly found that the statements met the reliability test set out in *Robinson,* and we find no abuse of discretion in that determination. The child's statements to her friend and the health aide, the first people to whom the child reported the incident, exhibit the requisite spontaneity.[3] *See Robinson,* 153 Ariz. at 202, 735 P.2d at 812 (citing Berliner & Barbieri, *The Testimony of the Child Victim of Sexual Assault,* 40 J. Social Issues, 125, 133 (1984)). Furthermore, unlike the victim in *Allen,* the child voluntarily confided information about the incident to her friend and the health aide; they did not uncover the information as the result of an

---

1. The state also presented the child's hearsay statements through the testimony of Richard Patterson, a detective from the La Paz County sheriff's office. Defendant does not challenge the admission of Patterson's testimony.

2. Defendant does not dispute that the state made known, sufficiently in advance of trial, its intention to offer the challenged testimony pur-

suant to this exception and otherwise complied with the procedural requirements of the rule.

3. The child's videotaped statements, made at least two months after the incident, are not spontaneous statements within the meaning of *Robinson* and *Allen.* The videotape does, however, conform to other *Robinson* factors.

interrogation or investigation. *See Allen,* 157 Ariz. at 174, 755 P.2d at 1162.

The child's statements, when considered together, are reasonably consistent. Investigators and counselors interviewed her on several occasions, and her account of the alleged offense remained consistent.[4]

The evidence about the source of the child's sexual knowledge conflicts. Some evidence suggests that the child's knowledge of oral sexual activities came from sources other than the defendant's alleged molestation of her. The child's mother testified that the child had told her about nightmares caused by pornographic pictures shown to the child by her stepmother. Other evidence, however, implies that the child fabricated the stepmother story to protect her mother from learning of defendant's abuse. The evidence also showed that the child and her friend had discussed sexual abuse suffered by the friend. As a whole, the evidence permits the inference that the child's knowledge could be attributed to the defendant's abuse.

The trial court also could reasonably conclude that the child's statements did not arise from an improper motive. Although defendant introduced evidence suggesting that the child acted from an improper motive, other testimony showed that she liked defendant and did not want to cause him trouble. The record does not disclose any reason for the child's friend or the health aide to lie: they apparently are disinterested third parties with no motive to fabricate hearsay testimony.

Finally, the child testified at trial and was subject to cross-examination. When a declarant's testimony can be tested through cross-examination, the "concern with circumstantial guarantees of reliability is lessened." *United States v. Frazier,* 678 F.Supp. 499, 504 (E.D.Pa.) (quoting *United States v. Renville,* 779 F.2d 430, 440 (8th Cir.1985)), *aff'd,* 806 F.2d 255 (3rd Cir.1986).

■ The state's showing that the proffered testimony exhibited sufficient guarantees of trustworthiness to comply with that requirement of rule 803(24) was not overwhelming. We find no clear abuse of discretion in the trial court's finding as to reliability, however, and would not disturb the trial court's ruling as to admissibility were reliability the only requirement of the residual exception to the hearsay rule. It is not.

In addition to requiring a showing of trustworthiness, rule 803(24) expressly requires the court to determine whether the proffered hearsay is material,[5] whether it is more probative than other evidence that can be reasonably obtained, and whether the purposes of the rules of evidence and the interests of justice will be served by its admission.[6] These requirements for determining the admissibility of hearsay that fails to satisfy a recognized exception must not be regarded as mere surplusage. The catchall provision of the hearsay rule is narrow in focus and must be used sparingly. It is intended to address those unusual situations that arise in evaluating hearsay evidence, not to provide a loophole through which evidence otherwise barred by the hearsay rule can be admitted. *See Frazier,* 678 F.Supp. at 504.

As our supreme court pointed out in *Robinson,* when a declarant is unavailable, the requirements other than reliability imposed by the residual exception of rule 804(b)(5) often are easily satisfied. *Robinson,* 153 Ariz. at 202, 735 P.2d at 812. When the declarant testifies, however, the require-

---

4. At the rule 32 hearing, the child recanted her accusations. Her recantation, however, occurred after trial. For purposes of rule 803(24), we evaluate the child's statements as of the time the trial judge determined their admissibility.

5. Because the state used this hearsay testimony to prove that the defendant had sexually molested the child, the evidence was offered as proof of a fact material to the case. *See Branca v. Sec. Benefit Life Ins. Co.,* 773 F.2d 1158, 1161 (11th Cir.1985), *modified on other grounds,* 789 F.2d 1511 (11th Cir.1986).

6. Because of our resolution of this case, we do not determine whether the admission of this evidence furthers the purposes of the rules of evidence or serves the interests of justice. On retrial, the trial court should expressly consider these factors.

ments other than reliability imposed by rule 803(24) are more difficult to meet.

In most instances, hearsay evidence will not satisfy the "more probative" requirement of subsection B of rule 803(24), because the declarant's testimony usually will lessen the probative value of the hearsay statements. *See State v. Tucker*, 165 Ariz. 340, 344, 798 P.2d 1349, 1353 (App.1990). An unduly restrictive interpretation of the "more probative" requirement, however, would bar all testimony under the residual exception and would effectively render that exception illusory. *See* M. Udall & J. Livermore, *Law of Evidence* § 136 at 305 (2d ed. 1982). Because such a result could not be that intended when the rules of evidence were drafted and adopted, "the 'more probative' requirement cannot be interpreted with cast-iron rigidity." 4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 803(24)[01] at 803–379 (1975).

The need to avoid rigidity is particularly important in child abuse cases because the age, experience, or emotional state of the child may make the child an ineffective witness. *See United States v. Dorian*, 803 F.2d 1439, 1445 (8th Cir.1986) (child too frightened and uncommunicative to testify meaningfully at trial). We therefore conclude that, in situations in which the trial court determines that the alleged victim of child abuse is unable or unwilling to testify fully, whether by reason of age, experience, or emotional state, hearsay evidence may be more probative within the meaning of rule 803(24) than that available from the declarant. *See United States v. St. John*, 851 F.2d 1096, 1099 (8th Cir.1988) (where victim is unable or unwilling to testify fully, use of hearsay is appropriate); *United States v. Shaw*, 824 F.2d 601, 610 (8th Cir.1987) (hearsay testimony presented specific details and dates that the victim was unable to recall), *cert. denied*, 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988); *United States v. DeNoyer*, 811 F.2d 436, 438 (8th Cir.1987) (child testified but was a "nonverbalizer"); *Dorian*, 803 F.2d at 1445 (because child was frightened and uncommunicative, testimony from social worker was most probative evidence available).

The initial determination whether proffered hearsay testimony is more probative than the declarant's testimony lies with the trial court, which is in a better position than is a reviewing court to make that determination. Indeed, there is

hardly a more appropriate situation for such a deferential standard of review than this one where we must read a written transcript and assess the relative probative values of two witnesses' live testimonies. Our ability to make this assessment is in stark contrast to the [trial] judge's; he was able to watch and listen to the witnesses as they testified.

*Shaw*, 824 F.2d at 609. If the trial court considers the question of which evidence is more probative, we will defer to its exercise of discretion. *See id.*

An abuse of discretion occurs, however, when the court fails to consider a relevant factor that should have been given significant weight in determining the admissibility of evidence. *See United States v. U.S. Currency, In the Amount of $103,387.27*, 863 F.2d 555, 561 (7th Cir.1988). This is not a case in which the trial judge weighed the relevant factors to determine which witness's testimony was more probative and then decided in favor of admitting the hearsay testimony. *Cf. Readenour v. Marion Power Shovel*, 149 Ariz. 442, 449, 719 P.2d 1058, 1065 (1986) (appellate courts usually uphold trial court's exercise of discretion). The record here clearly discloses that the only factor considered by the trial court in every instance in which the defendant objected to these hearsay statements was whether the proffered hearsay testimony met the reliability test set out in *Robinson*. The trial judge did not consider any of the remaining requirements of rule 803(24).

This also is not a case in which the record permits us to conclude that, although the trial judge did not expressly consider all factors set out in rule 803(24), the rule's requirements clearly were satisfied. We have reviewed the trial record in detail and find no indication that the child was unable to testify fully. Her trial testimony was consistent with, but not less

detailed than, the hearsay testimony given by other witnesses. At the time of trial, she was 11 years old and was able to express herself well. The hearsay testimony provided no significant details not included in the child's testimony. Accordingly, lacking any findings by the trial judge that would justify a contrary conclusion, we conclude that the admission of the hearsay evidence was error. *See Grand Real Estate, Inc. v. Sirignano*, 139 Ariz. 8, 14, 15, 676 P.2d 642, 648, 649 (App.1983) (trial judge either abused or failed to exercise discretion).

■ The fact that the trial court erred in admitting the hearsay evidence, however, does not necessarily require reversal. "[W]here evidence is erroneously admitted, reversal is required only when it is reasonably probable that, absent the tainted evidence, the jury would have reached a different conclusion." *State v. Brown*, 125 Ariz. 160, 162, 608 P.2d 299, 301 (1980). In this case, the state did not present any corroborating physical evidence or witnesses. Credibility was therefore the central issue. *Cf. State v. Lindsey*, 149 Ariz. 472, 477, 720 P.2d 73, 78 (1986) (expert testimony on victim's credibility was prejudicial error). Under such circumstances, the continued repetition of the child's statements through the videotape and the testimony of Melanie and Freeman was highly prejudicial. We conclude that it is reasonably probable that the improper admission of the child's hearsay statements, including descriptions of defendant's prior bad acts, affected the jury's conclusions.

## IV.

For the foregoing reasons, we reverse the conviction and sentence and remand the case to the trial court.

CONTRERAS, P.J., concurs.

GERBER, Judge, specially concurring.

Alleged child molesters are persons about whom most of us would rather not think, particularly those of us who are parents. When such persons emerge from the shadows to press constitutional claims, however, they invoke the language of a charter of due process upon which all of us rely both to assert our own rights and to hold accountable all those who hold official power.

Though I concur in the majority's analysis and result, I write specially to raise two points. The first is that, contrary to what some prosecutors apparently think, Rule 803(24) is not a general loophole for otherwise inadmissible hearsay. In a child molestation case, despite its unique problems, that rule is *not* authority to tack onto the child's testimony the additional consistent statements the child has made to relatives, teachers, friends, police, social workers, and medical personnel. None of the rules of evidence, including 803(24), authorizes this layer-upon-layer of repeated renditions of the event. Trustworthiness is not enhanced by such repetition. Such repetitions are both cumulative and hearsay. Rule 801(d)(1) may permit some of this consistent testimony if the child's account is assertedly inconsistent or fabricated, and Rule 804 may permit some of it if the child is physically or emotionally unavailable to testify fully. Rule 803(24), however, does not excuse the requirements of these two rules nor substitute for them.

Secondly, there is a matter not mentioned by the majority and neither objected to at trial nor raised on appeal which, nonetheless, in my view, constitutes fundamental error. The state's expert, a psychotherapist, gave testimony to the jury not merely on the symptoms of molestation but also on the credibility of the child victim. This expert gave the jury advice that the victim was telling the truth and should be believed. In so doing, she impermissibly invaded the province of the jury. We have repeatedly warned prosecutors not to use witnesses to vouch for the credibility of child victims. *See State v. Lindsey*, 149 Ariz. 472, 720 P.2d 73 (1986); *State v. Moran*, 151 Ariz. 378, 728 P.2d 248 (1986); *State v. Tucker*, 165 Ariz. 340, 798 P.2d 1349 (App.1990). In the absence of independent, compelling evidence—which does not exist here—using experts to vouch for the credibility of child victims in a molesta-

tion case is fundamental, reversible error simply because the jury is advised how to decide the case by being told who to believe and disbelieve. I mention this second matter so this error is avoided if this case is retried.