953 P.2d 1261

**STATE of Arizona, Appellee,**

v.

**Juan ALATORRE, Appellant.**

**No. 1 CA–CR 96–0964.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 3, 1998.

Grant Woods, Attorney General by Paul J.
McMurdie, Chief Counsel, Criminal Appeals

Section, J.D. Nielsen, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Louise Stark, Deputy Public Defender, Phoenix, for Appellant.

EHRLICH, Judge.

¶ 1   Juan Alatorre ("defendant") appeals his convictions and sentences for child molestation and sexual conduct with a minor, complaining of several of the trial court's evidentiary rulings.  For the reasons which follow, we conclude that the court did not abuse its discretion, and·we affirm.

## FACTS [1] AND PROCEDURAL HISTORY

■ ¶ 2   The defendant and Elizardo Avitia were indicted for sexual offenses against Avitia's eight-year-old niece, V., between November 1, 1994, and March 17, 1995.  The crimes occurred at a Mesa residence which Avitia shared with his sister, her children (including V.) and at least two other men.  The defendant was charged with an act of sexual intercourse in which Avitia was alleged to have rubbed the defendant's penis against V.'s vagina, an act of child molestation in which the defendant rubbed oil on V.'s body and rubbed her vagina with his hand, and an act of oral sexual contact in which the defendant performed cunnilingus on V.

¶ 3   At trial, the jury heard an edited version of a tape-recorded interview between the defendant and Mesa Police Detective Butch Gates, during which the defendant admitted to licking V. between her legs, rubbing V.'s vagina with oil and allowing his penis to be rubbed against V. Also, Gates testified that the defendant admitted the foregoing acts to him during the post-arrest interview.

¶ 4   V.'s trial testimony differed from the defendant's confession in some aspects.  She testified that, on one occasion, with the defendant present, Avitia took her to his room, laid her on his bed and placed a pillow over her head.  Although V. could not see what

happened after that, she felt "[a] finger" in her "private."  V. also said that, although Avitia had touched her "private" with his "private" on one occasion, she did not remember that the defendant had touched her in this manner, nor did she testify about any act of oral sexual contact.  She said, however, that her memory had "gone away" to some degree since she first spoke to the police but that she had told the police the truth about what happened to her.

¶ 5   Mesa Police Detective Coy Johnston interviewed V. soon after her mother reported the abuse.  At trial, he recited extensively from a transcript he had prepared of that tape-recorded interview.  Johnston quoted V. as saying that the defendant and Avitia "put their thing in mine" and "licked me and stuff."  According to Johnston, V. also stated that Avitia and the defendant had attempted to place their penises in her mouth and that the defendant had "punched [her] six times in the stomach" with his fist.

¶ 6   V. did not testify about the sexual intercourse with which the defendant was charged, nor did she recount such an incident to Detective Johnston.  Finding that the state had failed to establish the *corpus delicti* of the offense, the trial court dismissed that count and granted the defendant's motion to preclude the admission of any of his statements to Detective Gates concerning that incident.  The jury convicted the defendant on the remaining counts.  The defendant subsequently was sentenced to concurrent prison terms of seventeen years for child molestation and twenty years for sexual conduct with a minor.

## DISCUSSION

■ ¶ 7   The defendant's appeal focuses on the trial court's rulings relating to the evidence of Detectives Johnston and Gates.  Specifically, he argues that the court erroneously admitted testimony from both detectives concerning his prior acts, improperly relied on ARIZ. R. EVID. ("Rule") 803(5) to permit Detective Johnston to testify concern-

---

1.  We view the facts underlying the defendant's convictions in the light most favorable to sustaining the verdicts.  *State v. Atwood,* 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992), *cert. denied,* 506

U.S. 1084, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993).  We use only the initial of the victim's first name to protect the child's privacy.

ing V.'s hearsay statements and erred in admitting the defendant's admission to the cunnilingus without first requiring the state to establish the *corpus delicti* of that crime. However, we will not reverse the court's rulings on issues of the relevance and admissibility of evidence absent a clear abuse of its considerable discretion. *State v. Amaya–Ruiz,* 166 Ariz. 152, 167, 800 P.2d 1260, 1275 (1990), *cert. denied,* 500 U.S. 929, 111 S.Ct. 2044, 114 L.Ed.2d 129 (1991).

### 1. Hearsay Objection to Detective Johnston's Testimony

¶ 8  At trial, the state asserted that V.'s recollection of the events was insufficient to enable her to testify fully about the defendant's actions but that she had truthfully relayed her knowledge to Detective Johnston when she was better able to recall the events. It thus sought to introduce statements V. made to Johnston during their tape-recorded interview. Over the defendant's objection, the trial court admitted the evidence in accord with Rule 803(5), the recorded-recollection exception to the hearsay rule.[2]

¶ 9  On appeal, the defendant submits that V.'s statements to Detective Johnston failed to satisfy the requirements of Rule 803(5) because the record does not demonstrate that V. was unable to testify fully and accurately, made the challenged statements to Johnston when the events were fresh in her memory or adopted the transcription of the interview as her own statement. Although Rule 803(5) does not specifically address the possibility of multi-party recorded recollections, such occurrences are common.[3] For example, in *State v. Discher,* 597 A.2d 1336, 1341–42 (Me.1991), the Maine Supreme Court held that ME. R. EVID. 803(5), which is identical to its Arizona and federal counterparts, permitted a partial transcript of a witness' tape-recorded interview with the police to be read to the jury. The court concluded that the transcribed statements "contained the indicia of trustworthiness required by Rule 803(5)" because the witness testified that he remembered making a tape-recorded statement to the police, the police interview occurred "within a few days or a few weeks" of the relevant event, and the accuracy and contemporaneity of the tape-recording were not in question. *Id.* at 1342. The Seventh Circuit is in accord:

> Where a person perceives an event and reports it to another person who records the statement, both must ordinarily testify to establish that the statement is a past recollection recorded under Rule 803(5). The person who witnessed the event must testify to the accuracy of his oral report to the person who recorded the statement. The recorder must also testify to the accuracy of his transcription.

*United States v. Williams,* 951 F.2d 853, 858 (7th Cir.1992). *See United States v. Booz,* 451 F.2d 719, 725 (3d Cir.1971)("Some courts and textwriters have taken the view that where as here, a record is the joint product of two individuals, one who makes an oral statement and one who embodies it in a writing, if both parties are available to testify at trial as to the accuracy with which each performed his role, the recollection may be admitted. We think such an exception to the hearsay rule is sound and adopt it here.") (citations omitted), *cert. denied,* 414 U.S. 820, 94 S.Ct. 45, 38 L.Ed.2d 52 (1973); MORRIS K. UDALL ET AL., ARIZONA PRACTICE—LAW OF EVIDENCE 281–82 (3d ed.  1991) ("It is no

---

2.  Rule 803 provides in pertinent part: "The following [is] not excluded by the hearsay rule, even though the declarant is available as a witness: ... (5) Recorded Recollection. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."

3.  Commentators suggest that the failure of FED. R. EVID. 803(5) to provide for multi-party recorded recollections may simply be the result of an oversight by Congress when it revised the U.S. Supreme Court's proposed rule. According to the Court's version, a recorded statement could qualify for admission in evidence if it was the recollection of a participant or observer although it was recorded by another party. STEPHEN A. SALTZBURG ET AL., FEDERAL RULES OF EVIDENCE MANUAL 1405 (6th ed.1994).

longer required that the memorandum be made by or at the direction of the witness.... [T]he legislative history makes it clear that a multiple participant memorandum can meet the requirements of this exception if an adequate foundation is established.") (footnotes omitted).

¶ 10   The offenses occurred between November 1, 1994, and March 17, 1995. Detective Johnston interviewed V. in early April 1995. V. testified that she remembered the events more clearly when she talked with Johnston than she did at the time of trial, that her memory had diminished since her interview with Johnston, that she spoke truthfully to the detective and that she told him everything that she remembered at the time. Johnston testified without challenge that the tape-recording was an accurate recording of V.'s statements and that the transcript of the recording was faithful as well. The trial court did not abuse its discretion in admitting V.'s statements pursuant to Rule 803(5).[4]

### 2.   Corpus Delicti of Sexual Conduct with a Minor

¶ 11   The defendant argues that the trial court erred in admitting his statement to Detective Gates that he "licked [V.] between the legs." He maintains that this part of his confession was inadmissible because the state failed to establish the corpus delicti of sexual conduct with a minor involving an act of cunnilingus.

■   ¶ 12   Under the corpus delicti rule, before the state may offer a defendant's confession or incriminating statement as evidence of an offense, it first must establish the corpus delicti of that offense "by proving that a certain result has been produced and that someone is criminally responsible for that result." State v. Gillies, 135 Ariz. 500, 506, 662 P.2d 1007, 1013 (1983). The proof need not be absolute, however. To have

such evidence admitted, the state need only demonstrate that a "reasonable inference" of the corpus delicti exists. Id.

■   ¶ 13   The defendant did not seek to preclude the admission of his confession. Rather, he sought only to bar his inculpatory statements concerning an uncharged incident in which his penis was alleged to have touched V.'s vagina. Because he failed to object to the admission of his confession, he has waived this argument on appeal absent fundamental error, State v. Schaaf, 169 Ariz. 323, 332, 819 P.2d 909, 918 (1991), and we find none.

■   ¶ 14   During the portion of V.'s tape-recorded interview with Detective Johnston in which she described the acts committed against her by Avitia and the defendant, V. stated, "And, they, um, licked me and stuff." Given the context of the statement, this declaration by V. created a sufficient inference that the defendant and Avitia engaged in oral sexual contact with V. See Gillies, 135 Ariz. at 506, 662 P.2d at 1013. It was not fundamental error to admit the defendant's confession to an act of oral sexual contact with a minor.

### 3.   Evidence of Uncharged Misconduct

#### A.   The Defendant's Statements to Detective Gates

¶ 15   The defendant complains of the admission in evidence of his statement to Detective Gates that Avitia rubbed the defendant's penis against V.'s vagina, the act charged in the count that was dismissed. The trial court admitted the testimony to "complete the story" of the offenses charged in the other two counts against the defendant. Because the evidence of the defendant's additional sexual offenses against V. was admissible on other grounds, we need not consider whether it was necessary to "complete the story."[5]

---

4.   Because Rule 803(5) applies here, we need not reach the state's argument that Rule 803(24) would also apply.

5.   The defendant also renews his corpus delicti objection to the admission of his statement to Detective Gates. We agree with the trial court in rejecting this argument. The corpus delicti rule

has not been extended to the admission of prior-acts evidence under Rule 404(b). See State v. Armstrong, 176 Ariz. 470, 474, 862 P.2d 230, 234 (App.1993) (holding that "admission by defendant to an uncharged offense may, if relevant and otherwise admissible, be admitted at trial absent independent proof of that offense.").

¶ 16 "In a case involving a sex offense committed against a child, evidence of a prior similar sex offense committed against the same child is admissible to show the defendant's lewd disposition or unnatural attitude toward the particular victim." *State v. Garner*, 116 Ariz. 443, 447, 569 P.2d 1341, 1345 (1977); *see also State v. Jones*, 188 Ariz. 534, 539, 937 P.2d 1182, 1187 (App.1996) (relying on *Garner* to affirm trial court's evidentiary ruling without considering propriety of court's conclusion that evidence was admissible under Rule 404(b)). Detective Gates' testimony concerning the defendant's admission to the act in which Avitia rubbed the defendant's penis against V.'s vagina was admissible as emotional-propensity evidence in accord with *Garner*.

### B. V.'s Statements to Detective Johnston

¶ 17 The defendant argues that the trial court erred in allowing Detective Johnston to testify about V.'s allegations that the defendant penetrated her vagina with his penis, attempted to force her to perform fellatio on him and struck her in the stomach, all acts for which he was not on trial. He maintains that the sole purpose of admitting evidence of these acts was to demonstrate his bad character, impermissible under Rule 404(b).

¶ 18 Having rejected the defendant's hearsay objection to Detective Johnston's testimony concerning V.'s allegations, we conclude that the testimony that the defendant penetrated V.'s vagina with his penis and attempted to force her to perform fellatio was admissible as propensity evidence. *Garner*. 116 Ariz. at 447, 569 P.2d at 1345. However, V.'s allegation that the defendant struck her in the stomach was neither "evidence of a prior similar sex offense" and thus propensity evidence nor necessary to "complete the story" of the other offenses. The "complete-the-story" exception to Rule 404(b) applies only when the prior act is "so connected with the crime of which the defendant is accused that proof of one incidently involves the other or explains the circumstances of the crime." *State v. Johnson*, 116 Ariz. 399, 400, 569 P.2d 829, 830 (1977).

¶ 19 Evidence that the defendant punched V. in the stomach with his fist on an unspecified occasion was neither factually intertwined with the sexual offenses nor necessary to explain the circumstances surrounding those offenses. Although the trial court erred in admitting this evidence, the error was harmless because, beyond a reasonable doubt, it did not affect the verdict. *State v. Jones*, 185 Ariz. 471, 486, 917 P.2d 200, 215 (1996). The jury heard Detective Gates testify that the defendant confessed, and it heard the defendant's confession. *See State v. Grijalva*, 137 Ariz. 10, 667 P.2d 1336 (App. 1983) (evidentiary error harmless when defendant admitted charged offenses). Given the nature and extent of the evidence properly admitted against the defendant, we cannot conclude that the admission of evidence that the defendant struck V. was of such magnitude that it prevented the defendant from receiving a fair trial.

### CONCLUSION

¶ 20 We affirm the defendant's convictions and sentences.

RYAN, P.J., and FIDEL, J., concur.