2 P.3d 674

**The STATE of Arizona, Appellee,**

v.

**Olin Gene TAYLOR, Appellant.**

**No. 2 CA–CR 98–0451.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 19, 1999.

Review Denied May 23, 2000.

Janet Napolitano, Arizona Attorney General By Paul J. McMurdie and R. Wayne Ford, Phoenix, for Appellee.

Susan A. Kettlewell, Pima County Public Defender By Frank P. Leto, Tucson, for Appellant.

## OPINION

HOWARD, Judge.

¶ 1 After a jury trial, appellant Olin Gene Taylor was convicted of child molestation and sentenced to a partially aggravated twenty-year prison term. He contends that A.R.S. § 13–4252, a statutory hearsay exception concerning the admissibility of prior recorded statements by minors,[1] is unconstitutional and that the trial court also erred in admitting, as an excited utterance, a statement the victim made to her stepmother. We reverse and remand.

## BACKGROUND

¶ 2 We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the verdict. *State v. Nihiser*, 191 Ariz. 199, 953 P.2d 1252 (App. 1997). Late in the evening, the victim, an eight-year-old girl, was sleeping at her babysitter's house when her father took her to his friend's house, where he, appellant, and the friend had been drinking. The victim's father put her to bed in a bedroom in his friend's house and then he and the friend briefly left the house and went to the store. The victim woke up to find appellant rubbing her genitals, over her clothes, with his fingers and thumb. After the victim twice told him to stop, appellant said "I just want to play with [ ] you" and then left the room. When her father returned, the victim tried to tell him what happened, but he could not understand her because she was crying too hard. The victim, who was screaming, crying, and yelling after the incident, was still upset and crying when she returned home and told her stepmother that appellant had touched her "private part." Two days later, a police detective conducted a videotaped interview in which the victim described the incident. Appellant denied intentionally touching the victim and testified the victim had come out of the bedroom crying and he had picked her up and put her back to bed.

¶ 3 At trial, the court admitted the victim's statement to her stepmother, over appellant's objection, as an excited utterance. After the victim testified consistently with her statement to her stepmother and with her videotaped statement, the trial court, over appellant's objection, admitted the videotaped statement into evidence pursuant to § 13–4252.

## VIDEOTAPED STATEMENT

### A. Constitutionality of A.R.S. § 13–4252

¶ 4 Section 13–4252 makes a minor's videotaped pretrial statement admissible if certain requirements are met:[2]

A. The recording of an oral statement of a minor made before a proceeding begins is admissible into evidence if all of the following are true:

1. No attorney for either party was present when the statement was made.

2. The recording is both visual and aural and is recorded on film or videotape or by other electronic means.

3. Every voice on the recording is identified.

4. The person conducting the interview of the minor in the recording is present at the proceeding and available to testify or be cross-examined by either party.

5. The defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence.

6. The minor is available to testify.

1. For purposes of this statute, a minor is "a person under fifteen years of age or a person who has a developmental disability as defined in [A.R.S.] § 41–2451 and who has a tested intelligence quotient score below seventy-five." A.R.S. § 13–4251(B).

2. Section 13–4252 only applies in criminal proceedings involving acts committed against or witnessed by a minor and in civil proceedings involving dependency or the termination of parental rights. A.R.S. § 13–4251(A).

7. The recording equipment was capable of making an accurate recording, the operator of the equipment was competent and the recording is accurate and has not been altered.

8. The statement was not made in response to questioning calculated to lead the minor to make a particular statement.

B. If the electronic recording of the oral statement of a minor is admitted into evidence under this section, either party may call the minor to testify and the opposing party may cross-examine the minor.

¶ 5 Appellant contends the trial court erred in admitting the victim's videotaped statement pursuant to § 13–4252, claiming the statute unconstitutionally infringes on the supreme court's power to make procedural rules and conflicts with the court's Rules of Evidence and Rules of Criminal Procedure regarding hearsay. Although appellant failed to raise this specific argument below, he did object on several constitutional and foundational grounds, including that the tape's admission violated his right to counsel and to confront accusers and was cumulative. In view of the state's failure to include the videotape in its Rule 15.1 disclosure[3] and its untimely motion in limine to use the tape on the first day of trial, see Rule 803(24), Ariz. R. Evid., 17A A.R.S., we cannot fault appellant for not making more specific objections. Further, we will consider this argument because it raises an issue of public policy and statewide concern, *State v. Junkin*, 123 Ariz. 288, 599 P.2d 244 (App.1979), and because "substantial rights of a fundamental nature are involved which could have resulted in severe prejudice to the appellant." *State v. Politte*, 136 Ariz. 117, 664 P.2d 661 (App.1982). We review the constitutionality of a statute de novo, recognizing the strong presumption that it is valid. *City of Tucson v. Rineer*, 193 Ariz. 160, 971 P.2d 207 (App.1998).

¶ 6 "The Constitution . . . divides the powers of government into three separate departments and directs that 'no one of such departments shall exercise the powers properly belonging to either of the others.'" *State ex rel. Napolitano v. Brown*, 194 Ariz. 340, ¶ 6, 982 P.2d 815, ¶ 6 (1999), quoting Ariz. Const. art. III. The supreme court has the exclusive constitutional authority to "make rules relative to all procedural matters in any court." Ariz. Const. art. VI, § 5(5). See *Brown; State v. Robinson*, 153 Ariz. 191, 735 P.2d 801 (1987); *State v. Blazak*, 105 Ariz. 216, 462 P.2d 84 (1969). Although we will recognize statutory evidentiary rules that supplement the court's rules, the legislature cannot repeal the court's rules, and we "draw the line" when it enacts a statute that conflicts with or "tends to engulf a general rule of admissibility." *State ex rel. Collins v. Seidel*, 142 Ariz. 587, 591, 691 P.2d 678, 682 (1984). See also *Brown; Robinson*.

¶ 7 The supreme court has exercised its constitutional power by promulgating rules defining hearsay and governing the admissibility of out-of-court statements offered "to prove the truth of the matter asserted." Ariz. R. Evid. 801(c), 17A A.R.S. See Ariz. R. Evid. 801(d) (out-of-court statements which are "not hearsay" admissible); Ariz. R. Evid. 802 (hearsay not admissible); Ariz. R. Evid. 803 and 804 (hearsay exceptions); Ariz. R.Crim. P. 19.3, 17 A.R.S. (prior recorded testimony admissible). The court's "rule-making authority and the function of the hearsay rules, taken together, severely limit the legislature's authority to manipulate the hearsay rules, particularly in criminal cases where confrontation rights are constitutionally protected." *Robinson*, 153 Ariz. at 197, 735 P.2d at 807. "The hearsay rules are at the core of the judicial function: defining what is reliable evidence and establishing judicial processes to test reliability." *Id.*

[5] ¶ 8 Section 13–4252 is constitutional only if it can be construed as being consistent with the court's rules. *Robinson.* In some respects, the statute is more restrictive than the court's rules. First, although certain out-of-court statements are admissible under the court's rules if the declarant is unavailable, see Rule 804(b), Ariz. R. Evid. (e.g., a

---

3. Ariz. R.Crim. P. 15.1, 16A A.R.S.

statement under belief of impending death), the statute requires the minor to be available before any recorded out-of-court statements are admissible. § 13–4252(A)(6). Second, prior out-of-court statements are admissible under the rules, without additional requirements, if the declarant testifies and the prior statements are either inconsistent with the declarant's testimony or consistent with the testimony and offered to rebut a charge of recent fabrication or improper influence or motive. Rule 801(d)(1). Under the statute, however, the same statements would not be admissible unless they satisfied additional statutory requirements, such as being visually and aurally recorded outside the presence of attorneys. See § 13–4252(A). Finally, the statute applies only to hearsay statements by minors made before a proceeding begins, but not after. See § 13–4252(A). The rules draw no such distinction.

¶ 9 In other respects, the statute is more expansive than the court's rules. According to the statute, as long as the minor is available to testify, all recorded out-of-court statements that satisfy the statutory requirements are admissible regardless of whether they satisfy any of the court-made hearsay exceptions in Rule 803. This case illustrates the point. Prior consistent statements not offered to rebut a charge of recent fabrication or improper influence or motive, like the videotaped statement here, would be admissible under the statute but are generally not admissible under the court's rules. See Rules 801(d)(1) and 802.

¶ 10 Additionally, "[t]he test for admissibility of evidence is not different for different parties." Seidel, 142 Ariz. at 589, 691 P.2d at 680. The record is devoid of evidence that a different test for admissibility is appropriate because recorded hearsay statements by minors are any more reliable than similar hearsay statements made by other out-of-court declarants. The state in fact has not suggested any rationale for admitting hearsay

statements that do not satisfy the court's rules for admissibility when the statements are made by a minor victim or witness, as opposed to another declarant, such as a defendant.

■ ¶ 11 Section 13–4252, therefore, attempts to replace the "analytical framework provided by the rules of evidence." Robinson, 153 Ariz. at 198, 735 P.2d at 808. The statute creates additional procedural requirements for the admissibility of statements that would otherwise be admissible under the supreme court's rules and makes admissible statements that are excluded by the rules. Because § 13–4252 expands on, conflicts with, and engulfs the court's rules, it is unconstitutional. Robinson. Other jurisdictions have held virtually identical statutes or statutes with a similar purpose unconstitutional as an infringement on the judiciary's powers. See State v. Zimmerman, 121 Idaho 971, 829 P.2d 861 (1992); Drumm v. Commonwealth, 783 S.W.2d 380 (Ky.1990); Gaines v. Commonwealth, 728 S.W.2d 525 (Ky.1987); Hall v. State, 539 So.2d 1338 (Miss.1989).[4] The admissibility of hearsay statements by a minor should be determined by the rules of evidence, the rules of criminal procedure, or any statutory enactments that do not conflict with the supreme court's exclusive rulemaking authority. See Robinson.

## B. Alternative Grounds for Admission

¶ 12 Although § 13–4252 is unconstitutional, admission of the victim's out-of-court videotaped statement was harmless if the hearsay statement was otherwise admissible. Robinson. Although the state did not offer the trial court any other basis to admit the victim's videotaped statement, it did contend at oral argument in this court that the statement was admissible under Rule 803(24), the "catchall" hearsay exception. Because we can affirm the trial court's decision on any ground supported by the record, Robinson, we address the state's contention.

---

4. Other jurisdictions have also held virtually identical statutes unconstitutional as a violation of a defendant's confrontation rights. See State v. Apilando, 79 Hawai'i 128, 900 P.2d 135 (1995); State v. Pilkey, 776 S.W.2d 943 (Tenn. 1989). But see State v. Johnson, 240 Kan. 326, 729 P.2d 1169 (1986) (no violation of confronta-

tion rights); In re R.C. Jr., 514 So.2d 759 (La. App.1987) (same); State v. Schaal, 806 S.W.2d 659 (Mo.1991) (same); Briggs v. State, 789 S.W.2d 918 (Tex.Crim.App.1990) (not facially unconstitutional but application of statute may, in some cases, unconstitutionally violate confrontation rights).

¶ 13 The exception Rule 803(24) provides is a narrow one and is not intended "to provide a loophole through which evidence otherwise barred by the hearsay rule can be admitted." *State v. Thompson,* 167 Ariz. 230, 233, 805 P.2d 1051, 1054 (App.1990). We must, therefore, carefully scrutinize a statement's compliance with the requirements of Rule 803(24) because other rules bar the admission of prior consistent statements except in limited circumstances. See Rule 801(d)(1)(B). Thus, a statement that does not satisfy other hearsay exceptions is only admissible under Rule 803(24) if the court concludes it is (1) trustworthy and reliable, (2) material, (3) "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts," and (4) its admission serves the purposes of the rules of evidence and the interests of justice. Rule 803(24); *Robinson; Thompson.*

¶ 14 We need not address all of these requirements here, however, because the victim's videotaped statement does not satisfy the third requirement: being more probative than other evidence that can be reasonably obtained. Thompson. Unlike Robinson, the victim in this case testified in court. Hence, the statement was not more probative than her in-court testimony because she testified fully, consistently, and in similar detail to the videotaped statement. See *Thompson,* 167 Ariz. at 234, 805 P.2d at 1055 ("In most instances, hearsay evidence will not satisfy the 'more probative' requirement of subsection B of rule 803(24), because the declarant's testimony usually will lessen the probative value of the hearsay statements."); see also *State v. Tucker,* 165 Ariz. 340, 798 P.2d 1349 (App.1990). At oral argument, the state claimed that the videotaped statement was more probative of the victim's demeanor than her testimony. The victim's demeanor at the time of the incident, however, was more relevant and probative than her demeanor at an arbitrary later date. Substantial evidence of the victim's demeanor immediately after the incident was admitted to justify admission of the excited utterance. The victim's demeanor two days later was not "more probative" than that evidence and has no independent relevance. The video-taped statement, therefore, was not admissible under the catchall exception, *Tucker; Thompson,* or any other rule of evidence or criminal procedure. See Ariz. R. Evid. 801, 803, 804; Ariz. R.Crim. P. 19.3.

## C. Harmless Error

¶ 15 Although the court erred in admitting the hearsay videotaped statement, we need not reverse unless there is a "reasonable probability that the verdict would have been different had the evidence not been admitted." *State v. Lacy,* 187 Ariz. 340, 349, 929 P.2d 1288, 1297 (1996). Here, credibility was the primary issue—there was no corroborating physical evidence or eyewitness testimony, and appellant's and the victim's stories were markedly different. See *Thompson.* Through the hearsay videotaped statement, the state presented the victim's testimony twice, the second time without an opportunity for cross-examination. In closing argument, the prosecutor exacerbated the error when she invited the jury to view the hearsay videotaped statement and repeatedly referred to the statement as "corroboration" of the victim's version of the incident.

¶ 16 Prior consistent statements "may not be routinely admitted" to "buttress the alleged victim's credibility. . . ." *State v. Vess,* 157 Ariz. 236, 238, 756 P.2d 333, 335 (App. 1988). Mere repetition of an unimpeached witness's testimony does not enhance the witness's credibility or the statement's veracity. See *Tucker.* See also *United States v. Williams,* 573 F.2d 284 (5th Cir.1978); 4 John Henry Wigmore, Evidence in Trials at Common Law § 1124, at 255 (James H. Chadbourn rev., 1972) (When a witness is not impeached, prior consistent statements are "unnecessary and valueless"; the story "is not made more probable or more trustworthy by any number of repetitions of it.").

There are cases in which the receipt of a witness's extrajudicial statements in evidence has been held to be harmless error, on the ground that the statements added nothing of substance and the witness was available for cross-examination. Those cases are not appropriate here. The state-

**590**

ment and the testimony covered the same precise ground. This bolstering is a departure from the normal course of trial proceedings. There were sharply contested fact issues in the case, including the defendant's frank and total denial. We cannot say that there was no prejudice. *State v. Seever,* 733 S.W.2d 438, 441 (Mo. 1987) (footnote omitted) (concerning videotaped statement admitted pursuant to statute virtually identical to § 13–4252). See also *Cogburn v. State,* 292 Ark. 564, 732 S.W.2d 807, 809 (1987) (Improper admission of videotaped interview was prejudicial error because "the state was in effect permitted to offer the direct testimony of the victim twice, once through the videotape and once through live testimony."). Accordingly, we reverse because we cannot say, under the facts in this case, that the jury verdict was not affected by the improper admission of the victim's consistent videotaped statement. See *Thompson; Vess.* See also *State v. Martin,* 135 Ariz. 552, 663 P.2d 236 (1983); *Maricopa County Juvenile Action No. JV–133607,* 186 Ariz. 198, 920 P.2d 320 (App.1996).

¶ 17 Although we reverse, we address appellant's remaining argument because the issue is likely to reoccur on retrial. See *State v. Miguel,* 125 Ariz. 538, 611 P.2d 125 (App. 1980).

### EXCITED UTTERANCE

 ¶ 18 Appellant contends the trial court erred in admitting, as an excited utterance, the victim's statement to her stepmother forty-five minutes after the incident, claiming the statement that appellant had touched her "private part" was made after the excitement from the startling event had abated. We will not reverse a trial court's decision to admit a hearsay statement as an excited utterance absent an abuse of discretion. *State v. Jeffers,* 135 Ariz. 404, 661 P.2d 1105 (1983); *State v. Anaya,* 165 Ariz. 535, 799 P.2d 876 (App.1990).

 ¶ 19 A statement is admissible as an excited utterance if there was a startling event, the statement related to the startling event, and the statement was made before the declarant had time to fabricate or reflect.

*State v. Johnson,* 183 Ariz. 623, 905 P.2d 1002 (App.1995). See also Ariz. R. Evid. 803(2). Although the opportunity for reflection increases as the length of time between the event and the statement increases, the " 'physical and emotional condition of the declarant is the important thing,' " and length of time is only one factor to consider in determining whether, under the totality of the circumstances, the statement was made while in a state of nervous excitement or shock. *State v. Rivera,* 139 Ariz. 409, 411, 678 P.2d 1373, 1375 (1984), quoting Morris K. Udall & Joseph M. Livermore, Arizona Law of Evidence § 127, at 270 (2d ed.1982). Furthermore, "[t]he statements need not be made immediately after the event, nor at the place of the event, and, in the case of children, 'where excitement may last longer', courts have extended the time factor requirement." *Rivera,* 139 Ariz. at 411, 678 P.2d at 1375, quoting Udall, § 127, at 270.

 ¶ 20 After the incident, the victim was screaming, yelling, and crying; when she returned home forty-five minutes later, she was still upset, crying, and shaking. Although the victim and her father briefly stopped at a relative's house on the way home, the victim testified that she was still scared while she was at the relative's house and her father testified that he told the relative that, "I got to go home, [the victim's] crying." Under these circumstances, the trial court did not abuse its discretion in admitting the victim's statement to her stepmother, concluding that it occurred while the victim was still under the stress of the incident. See *State v. Ritchey,* 107 Ariz. 552, 490 P.2d 558 (1971) (statements by children with altered demeanors made forty-five minutes after returning home admissible); *State v. McLain,* 74 Ariz. 132, 245 P.2d 278 (1952) (child's statement made less than an hour and a half after incident admissible); *State v. Bauer,* 146 Ariz. 134, 704 P.2d 264 (App. 1985) (child's statement made within forty-five minutes of incident admissible).

### CONCLUSION

¶ 21 Appellant's conviction is reversed and the case is remanded for a new trial.

CONCURRING: J. WILLIAM BRAMMER, Jr., Presiding Judge.

ESPINOSA, Chief Judge, specially concurring.

¶ 22 I concur in the result, but write separately because I question whether wholesale invalidation of the statute is required under the facts of this case. It seems to me sufficient to say that, as applied here, the statute conflicts with the rules of evidence promulgated by our supreme court. There could be many situations, however, in which the admission of a victim's prior statement under § 13–4252 would be consistent with existing rules of evidence and criminal procedure. Indeed, as the decision notes, the state argued here that the minor's testimony was admissible under Rule 803(24), Ariz. R. Evid., which essentially allows the admission of "reliable" hearsay otherwise excluded by the rules. See *Robinson* (minor victim's prior consistent statement admissible under Rule 803(24) when made in response to nonleading questions, showed knowledge of sexual acts unusual for victim's age, corroborated by physical evidence and victim's behavioral changes, and unaccompanied by motive to lie); *State v. Crane*, 166 Ariz. 3, 799 P.2d 1380 (App.1990) (minor victim's prior statement describing semen admissible under Rule 803(24) when defendant's alleged acts were only explanation of victim's knowledge, victim testified and was cross-examined, her statement was consistent with trial testimony, and witness had no motive to lie). Section 13–4252 imposes foundational requirements that, at least on a case-by-case basis, might be found to fulfill the requirements of Rule 803(24) or other hearsay exceptions.

¶ 23 In this case, I am not as certain as the majority that the minor victim's videotaped statement and demeanor forty-eight hours after the alleged offense are not more probative for purposes of Rule 803(24) than her in-court testimony almost six months later. See *Robinson*, 153 Ariz. at 202, 735 P.2d at 812 ("it is difficult to imagine more probative evidence" than when a child first reveals sexual abuse); *State v. Alatorre*, 191 Ariz. 208, 953 P.2d 1261 (App.1998) (transcript of eight-year-old, sexual-offense victim's police interview admissible under recorded-recollection exception to hearsay rule; victim testified she remembered event more clearly at time of interview and spoke truthfully during interview). Nevertheless, the prosecution did not proffer any alternative theories of admissibility below, nor did it meet another requirement of Rule 803(24), that notice be provided "sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it." Indeed, his counsel at oral argument stated defendant had been "sandbagged" with this evidence. Furthermore, as to this issue, the state at no time invoked the rules of evidence in the proceedings below or on appeal until oral argument before this court. Under all the circumstances, I agree the statement was erroneously admitted and could not have been harmless given the dearth of other evidence in the case.

¶ 24 In interpreting a statute, courts should, if possible, give it a constitutional construction. *Mardian Constr. Co. v. Superior Court*, 113 Ariz. 489, 557 P.2d 526 (1976); *State v. Book–Cellar, Inc.*, 139 Ariz. 525, 679 P.2d 548 (App.1984). Because admissibility of the minor victim's testimony under the rules of evidence is, in my view, a close question, and because the introduction of evidence under § 13–4252 could, in other cases, be consistent with the rules adopted by our supreme court, I would not find § 13–4252 necessarily unconstitutional, except as applied in this case. See *Wohlstrom v. Buchanan*, 180 Ariz. 389, 884 P.2d 687 (1994) (rejecting petitioner's argument that forfeiture statute unconstitutional on its face, but finding its disclosure requirements unconstitutional as applied to him); *State v. Vincent*, 159 Ariz. 418, 768 P.2d 150 (1989) (upholding facial constitutionality of A.R.S. § 13–4253, which authorized videotaped testimony of minor witnesses, but remanding for new trial because statute applied in violation of defendant's Sixth Amendment confrontation right).