IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LEVI A. GIANNOTTA, *Appellant*.

No. 1 CA-CR 18-0791
FILED 12-26-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-152837-001
The Honorable Colleen L. French, Judge *Pro Tempore Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey Ball
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

---

**OPINION**

Judge Kent E. Cattani delivered the opinion of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

¶1        Levi A. Giannotta appeals from his convictions and sentences for theft and third-degree burglary. Giannotta challenges the superior court's admission of certain hearsay evidence that, in his view, was critical to the convictions. We hold that the evidence was properly admitted under the hearsay exception for recorded recollections, and we clarify that a jointly constructed recorded recollection—e.g., one person makes an oral statement, another writes it down—may be admitted under this exception if each person involved in creating the record testifies to performing his or her role accurately. Accordingly, and for reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In October 2017, the victim purchased a new AR-15 semi-automatic rifle and posted a picture of it on social media. Within a week, Giannotta, who was acquainted with the victim through a mutual friend, messaged the victim on social media asking to go to the shooting range. The two arranged to meet in the parking lot of an apartment complex in Glendale.

¶3        The victim arrived first, and Giannotta drove up soon thereafter. When Giannotta asked to see the gun, the victim opened his car trunk and showed Giannotta the rifle, still in its box, with a magazine and 20 rounds of ammunition. The victim then went back to the passenger compartment to look for his phone, and when he turned back, the rifle was no longer in the trunk and Giannotta was getting in his car to drive away.

¶4        Unable to follow Giannotta quickly enough, the victim went home to retrieve his receipt, which listed the rifle's serial number, and he then called the Glendale Police Department to report the theft. He first gave Giannotta's name and the make and model of his car, then called back to provide Giannotta's birthdate. An officer called the victim back later that day to take a formal report, at which point the victim provided the rifle's serial number.

**¶5** About two weeks later, police officers located Giannotta at a Glendale residence. After being read *Miranda*[1] warnings, Giannotta denied knowing anything about the stolen rifle and denied meeting the victim two weeks earlier. Police officers then executed a warrant to search the residence, where they found an AR-15 rifle, still in its box, along with a magazine containing 20 rounds of ammunition. The serial number on the rifle matched the one provided by the victim.

**¶6** Giannotta was arrested and charged with theft and third-degree burglary. He was tried in absentia, and a jury found him guilty as charged. After Giannotta was again arrested, the court sentenced him as a category three repetitive offender to concurrent, presumptive terms of imprisonment, the longest of which is 10 years.

**¶7** Giannotta timely appealed, and we have jurisdiction under A.R.S. § 13-4033(A).

## DISCUSSION

**¶8** Giannotta argues that the superior court erred by admitting hearsay testimony relating to the rifle's serial number. The State does not dispute that evidence of the victim's statement of the serial number while reporting the crime was hearsay, but argues that the superior court admitted the evidence under the recorded recollection exception to the rule against hearsay. We review the superior court's evidentiary rulings involving hearsay and related exceptions for an abuse of discretion. *State v. Forde*, 233 Ariz. 543, 564, ¶ 77 (2014); *State v. Tucker*, 205 Ariz. 157, 165, ¶ 41 (2003).

**¶9** Although the victim testified at trial, he did not recall the rifle's serial number. He thus could not testify to the number itself, but instead described reading the serial number to the police officer who made a formal report of the crime. When that officer testified, he recited the serial number based on his written report documenting the number the victim gave him. The superior court summarily overruled Giannotta's hearsay objection to the officer's testimony.

**¶10** Hearsay is an out-of-court statement offered to prove the truth of the matter asserted, and it is generally inadmissible unless it falls within a recognized exception to the rule against hearsay. Ariz. R. Evid.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

801(c) (defining hearsay), 802 (rule against hearsay), 803 (exceptions), 804 (exceptions).

¶11        The recorded recollection exception allows admission of a record that:

> (A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately;

> (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and

> (C) accurately reflects the witness's knowledge.

Ariz. R. Evid. 803(5).  If admitted under this exception to the rule against hearsay, the record may be read into evidence but received as an exhibit only if offered by an adverse party.  *Id.*  Although not explicit in the rule, this exception (like its identical federal counterpart) allows for admission of jointly constructed records—e.g., one person makes an oral statement, another writes it down.  *See State v. Alatorre*, 191 Ariz. 208, 211–12, ¶ 9 (App. 1998), *abrogated in part on other grounds by State v. Ferrero*, 229 Ariz. 239, 241–42, ¶¶ 8–13 (2012); *see also* Fed. R. Evid. 803(5); *United States v. Hernandez*, 333 F.3d 1168, 1176–79 (10th Cir. 2003); *United States v. Schoenborn*, 4 F.3d 1424, 1427–28 (7th Cir. 1993); *cf. United States v. Booz*, 451 F.2d 719, 725 (3d Cir. 1971) (reflecting the same evidentiary rule under the common law).  Under these circumstances, the record may qualify under this exception if each person in the chain testifies to performing his or her role accurately.  *See Alatorre*, 191 Ariz. at 211, ¶ 9; *see also Hernandez*, 333 F.3d at 1179; *Schoenborn*, 4 F.3d at 1427–28; *cf. Booz*, 451 F.2d at 725; *Swart v. United States*, 394 F.2d 5, 6 (9th Cir. 1968).

¶12        Here, the victim testified that he read the serial number from the receipt when he provided the number to the officer, but that he did not remember the number at the time of trial.[2]  *See* Ariz. R. Evid. 803(5)(A) ("once knew about but now cannot recall"), (B) (original report when "fresh in the witness's memory").  Although the victim did not expressly testify that he recited the serial number accurately, the fact that he went home to

---

[2]        The receipt was not presented at trial: investigating officers never retrieved it from the victim, and although the victim testified that he had it when he reported the theft, he apparently did not have it with him at trial. Giannotta did not object at trial (or raise as an issue on appeal) that the receipt on which the victim relied was itself an out-of-court statement, and we do not address that issue here.

get the receipt before reporting the theft and his acknowledgement of the importance of providing the correct serial number ("in case [Giannotta] does something with my gun") permit an inference of accuracy. *See* Ariz. R. Evid. 803(5)(C).

¶13   For his part, the officer confirmed that he "documented the serial number given" by the victim. Although the officer did not expressly avow that he recorded the number accurately, his testimony allowed an inference of accuracy because he acknowledged the general importance of recording key details in his written report and the specific importance of recording the correct serial number of stolen firearms for investigative purposes. *See* Ariz. R. Evid. 803(5)(C). While foundation testimony from the victim and the officer could have been clearer, both the victim and the officer testified at trial and thus were subject to cross-examination, giving Giannotta an opportunity to challenge their accounts.[3] Accordingly, the serial number as reflected in the officer's report was admissible as a jointly constructed recorded recollection created by the victim and the officer.

¶14   Giannotta argues that the serial number testimony does not fit the recorded recollection exception. He first contends that the information could not be admitted through the officer's testimony because the officer never had independent knowledge of the serial number. But as long as the foundational requirements for admission of the recorded recollection are met, the rules of evidence do not restrict who reads it into the record. *See* Ariz. R. Evid. 803(5). Giannotta also urges that, even at the time the police report was created, the victim never "knew about" the serial number because he relied on the receipt. But the victim's knowledge being based on direct observation of the receipt does not render that knowledge deficient. *See Hernandez*, 333 F.3d at 1177, 1179 (affirming admission of multi-party recorded recollection begun by one witness reading a serial number off a gun to a second person who wrote it down).

¶15   Giannotta further argues that the recorded recollection exception does not apply because the victim never formally "adopted" the officer's report, *see* Ariz. R. Evid. 803(5)(B), and because the victim never vouched for the accuracy of the officer's report, *see* Ariz. R. Evid. 803(5)(C). But when one person orally reports facts to another who writes them down, foundation for the jointly constructed record may be based on the original

---

3   The officer's report was marked as an exhibit but was not admitted in evidence at trial, and it is not part of the record on appeal. Nevertheless, there is no suggestion that the report conveyed information that was inconsistent with the officer's trial testimony.

declarant's verification that he or she examined the writing and found it accurate, thereby adopting the writing as his or her own. *See, e.g.*, *United States v. Porter*, 986 F.2d 1014, 1017 (6th Cir. 1993) (writing signed by declarant on each page); *United States v. Williams*, 571 F.2d 344, 348 (6th Cir. 1978) ("[b]y signing and swearing to" the writing, declarant adopted a writing prepared by law enforcement officer based on discussions between the two); *United States v. Civella*, 666 F.2d 1122, 1129 (8th Cir. 1981) (affirming admission of law enforcement officer's written memoranda of information provided by an informant, who "routinely reviewed" the writings for accuracy).

¶16        If the original declarant does not contest the accuracy of the other's recording, the requisite foundation for a jointly constructed recorded recollection also can be established by hearing from both (or all) individuals who participated in its creation, with each affirming the accuracy of his or her contribution. *See Hernandez*, 333 F.3d at 1177–79 (collecting authorities and holding that "a recorded recollection compiled through the efforts of more than one witness is admissible under Rule 803(5), where, as here, each participant in the chain testifies at trial as to the accuracy of his or her piece of the chain," even though the declarant never examined the writings prepared by others); *Schoenborn*, 4 F.3d at 1428 (noting the limitation when the declarant disputes the accuracy of the other's recording); *see also* 2 *McCormick on Evidence* § 283 (7th ed. 2013 & supp. 2016); *cf. Booz*, 451 F.2d at 725 (holding, under the common law, that a multi-party recorded recollection may be admitted if the declarant can testify that he related accurate information to the law enforcement officer and the officer can verify the accuracy of the written report, "even though [the declarant] may not have read the report").

¶17        Giannotta cites several cases for the proposition that a declarant must formally adopt a third-party's report for it to be admissible as a recorded recollection. But those cases are not dispositive here. In one of those cases, the court acknowledged that testimony from each participant as to the accuracy of his or her contribution is generally sufficient, but added a caveat if the declarant disputes the accuracy of the recorder's transcription. *Schoenborn*, 4 F.3d at 1427–28. And two of the cases based inadmissibility on the lack of any testimony from the recorder. *United States v. Benson*, 961 F.2d 707, 709 (8th Cir. 1992) (law enforcement officers who wrote down the declarant's statements did not testify); *Felice v. Long Island R.R. Co.*, 426 F.2d 192, 195–96 (2d Cir. 1970) (person who recorded the statement (doctor's assistant) did not testify). These cases are thus inapposite.

**¶18** Other cases on which Giannotta relies addressed different aspects of the recorded recollection rule. For example, in *State v. Stone*, 784 N.W.2d 367, 376 (Minn. 2010), the court held that an audio recording of the witness's statement may be admissible as a recorded recollection even without accuracy testimony from the individual who operated the audio recorder. *Id.* In reaching that conclusion, the court acknowledged the general rule for jointly constructed recorded recollections that we adopt today: that the declarant must testify to the accuracy of the oral statement and the recorder to the accuracy of the written record. *Id.* at 374. And *Stone* relied in part on a corollary of the general rule, consistent with our holding: that the recorder need not testify if the declarant reviewed the writing, affirmed its accuracy, and thereby adopted it. *Id.*

**¶19** In short, the record supports the superior court's admission of the serial number as a jointly constructed recorded recollection based on supporting testimony from both the victim and the officer who participated in its creation. *See Porter*, 986 F.2d at 1017 ("Admissibility is, instead, to be determined on a case-by-case basis upon a consideration . . . of factors indicating trustworthiness, or the lack thereof."). Accordingly, the court did not abuse its discretion by overruling Giannotta's hearsay objection and allowing the testimony he challenges on appeal.

## CONCLUSION

**¶20** Giannotta's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA

7