NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

PETER MACIAS, *Appellant*.

No. 1 CA-CR 20-0162
FILED 1-7-2021

---

Appeal from the Superior Court in Yavapai County
No.  V1300CR201980181
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Law Office of Stephen L. Duncan, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

_____

**P E R K I N S**, Judge:

¶1            Peter Macias appeals his convictions and sentences for two counts of aggravated domestic violence. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2            Macias and L.F. engaged in an "on-and-off" romantic relationship. One night in March 2019, while having drinks at L.F.'s home, L.F. told Macias she wished to end their relationship. Macias left the home upset but returned a few minutes later. When L.F. observed Macias pulling into the driveway, she fled from her home and called her friend, R.S., to explain the situation. R.S. then called 911.

¶3            Four deputies responded to L.F.'s home. After conducting a perimeter sweep, two deputies entered the home. The deputies found Macias in bed in the master bedroom and arrested him.

¶4            In April 2019, a Yavapai County Grand Jury indicted Macias on two counts of aggravated domestic violence. At trial, defense counsel explained in his opening statement that the two counts against Macias were aggravated because Macias committed prior crimes in 2014. According to defense counsel, "[i]t's a very simple case. Keep your eye on the ball. Don't let [the State] fool you into jumping from one thing to another."

¶5            At trial, the State introduced into evidence an audio recording of R.S.'s 911 call. During the call, R.S. informed the 911 operator that a man smashed L.F.'s car windows and that she was "scared to death." R.S. also told the operator that, "last week [the man] destroyed a hotel room and smashed [L.F.'s] eye and all kinds of crap," and "this guy's a wack job." Defense counsel objected on the grounds that the 911 recording was inadmissible hearsay. The State claimed it offered the recording not for the truth of the statements, but rather to explain why the deputies responded to L.F.'s home. The superior court overruled defense counsel's objection.

**¶6**      At the conclusion of trial, the superior court noted that some of the comments made by R.S. were "gratuitous and disparaging" of Macias's behavior and unrelated to the reason for playing the 911 recording. The court thus issued a limiting instruction that the jury should consider the 911 recording for the limited purpose of explaining why deputies arrived at L.F.'s home.

**¶7**      After the jury received final instructions, the prosecutor began his closing argument during which he argued:

> In opening statements, defense counsel said and I quote, "Don't let them fool you." "Them" being the State. The State seeks the truth. And the State will endure whatever the consequences of the truth are. This is what a jury trial is. It's a truth-seeking process. The State doesn't lie to you.

**¶8**      The jury found Macias guilty as charged. The superior court sentenced Macias to presumptive concurrent terms of five years imprisonment for both counts. Macias timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶9**      Macias raises two issues on appeal. He argues: (1) the trial court erred by allowing the 911 recording into evidence, and (2) the prosecutor engaged in impermissible vouching during his closing argument.

## I.      911 Recording

**¶10**      Macias argues the superior court erred by allowing the 911 recording into evidence as inadmissible hearsay. We review a ruling on the admissibility of hearsay evidence for an abuse of discretion. *State v. Giannotta*, 248 Ariz. 82, 83, ¶ 8 (App. 2019).

**¶11**      Hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is generally inadmissible unless it falls within a recognized exception to the rule against hearsay. Ariz. R. Evid. 801(c), 802-804. Here, the 911 recording was not hearsay because the State did not offer it to prove the truth of the matter asserted—that Macias smashed L.F.'s windows the night of the incident.  Rather, the State offered

the recording to explain why deputies responded to L.F.'s home. The superior court reiterated the State's position by instructing the jury to consider the 911 recording for the limited purpose of explaining why deputies arrived at L.F.'s home and to otherwise disregard R.S.'s comments. We presume the jurors followed the limiting instruction. *See State v. Nelson*, 229 Ariz. 180, 190, ¶ 45 (2012). As such, the court did not abuse its discretion by admitting the statements for that limited purpose.

¶12        Macias further contends that the 911 recording amounted to prohibited character evidence under Ariz. R. Evid. 404(b) and that its admission violated the Confrontation Clause. We reject these contentions. At trial, Macias raised only one objection to the 911 recording: hearsay. By failing to object on 404(b) or Sixth Amendment grounds, Macias forfeited the right to obtain appellate relief on these bases unless he shows fundamental, prejudicial error occurred. *See State v. Henderson*, 210 Ariz. 561, 564-65, ¶ 8 (2005).

¶13        To prove fundamental error, Macias must establish: (1) the trial court erred; (2) the error goes to the foundation of the case, deprived him of a right essential to his defense, and is of such significance that he could not have received a fair trial; and (3) the error was prejudicial. *Id.* at 608, ¶¶ 23-26. Even more fundamentally, an appellant's opening brief must provide "significant arguments[] supported by authority," because failure to argue a claim typically constitutes waiver. *State v. Carver*, 160 Ariz. 167, 175 (1989). Conclusory statements that fail to clearly articulate an "appellant's contentions with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies" are insufficient. *See* Ariz. R. Crim. P. 31.10(a)(7). Here, Macias failed to clearly articulate his character evidence and Confrontation Clause arguments, thereby waiving them. Even absent such waiver, and assuming error under either theory, Macias made no attempt to establish prejudice.

## II.        Vouching

¶14        Macias argues the prosecutor engaged in impermissible vouching by arguing in his closing argument that, "[t]he State seeks the truth," and "[t]he State doesn't lie to you." Macias objected at trial to the alleged vouching, so we review his contention for harmless error. *Henderson*, 210 Ariz. at 567, ¶ 18.

¶15        Impermissible vouching occurs: "(1) When the prosecutor places the prestige of the government behind its witnesses, and (2) Where

the prosecutor suggests that information not presented to the jury supports the witness's testimony." *State v. Haverstick*, 234 Ariz. 161, 164, ¶ 6 (App. 2014) (quoting *State v. Dumaine*, 162 Ariz. 392, 401 (1989), *disapproved on other grounds by State v. King*, 225 Ariz. 87 (2010)).

**¶16**        According to Macias, the two challenged comments imply that any statement in opposition to the State's case is false. But viewing the prosecutor's comments in context, they simply responded to defense counsel's opening comment to the jury, "[d]on't let [the State] fool you." *See id.* at 166, ¶ 7 (comments must be viewed in the context of the prosecutor's entire argument). The prosecutor tied his arguments to the evidence presented at trial and expressly referenced defense counsel's opening statement.

**¶17**        Even if we were to read the prosecutor's statement as impermissible vouching, the superior court's limiting instruction—arguments made during closing arguments are not evidence—cured any error. *See State v. Payne*, 233 Ariz. 484, 512, ¶ 109 (2013) ("When improper vouching occurs, the trial court can cure the error by instructing the jury not to consider attorneys' arguments as evidence.").

## CONCLUSION

**¶18**        We affirm.

